M. CRAIG MURDY
Nevada Bar No. 7108
DOYLE BERMAN MURDY, P.C.
3295 N. Fort Apache Rd., Suite 110
Las Vegas, NV 89129
Telephone: (702) 873-1622
Attorneys for Defendants Truckee Carson
Irrigation District and David P. Overvold

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDY KROSHUS, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>          Defendants. | CASE 3:08-CV-00246 LDG-RAM<br>DEPT. NO.<br><br>**DEFENDANTS TRUCKEE CARSON IRRIGATION DISTRICT AND DAVID P. OVERVOLD'S MOTION FOR PROTECTIVE ORDER** |

Defendants Truckee Carson Irrigation District and David P. Overvold, by and through undersigned counsel, respectfully request that this Court enter an order precluding all parties from examining Truckee Carson Irrigation District, David P. Overvold, Lyman McConnell, John Baker and all other Truckee Carson Irrigation District agents or employees with regard to any facts or issues material to the criminal proceeding of *United States v. Overvold* (United States District Court for the District of Nevada Case No. 3:08-CR-0199-BES-RAM) for the following reasons:

1. The Fifth Amendment privilege precludes discovery with regard to the criminal proceeding from David Overvold, Lyman McConnell and John Baker.

2. The facts relevant to the criminal proceeding are not relevant to this action.

3. The facts relevant to the criminal proceeding are not reasonably calculated to lead to the discovery of admissible evidence in this action.

4. The indictment, in and of itself, is not relevant, is not admissible, and is not reasonably calculated to lead to the discovery of admissible evidence.

5. Discovery with regard to the criminal indictment would be unduly prejudicial to Defendants.

J:\EDSISS\DOCS\PAUL\1028\PLEAD\G49038.WPD

This motion is supported by the following Memorandum of Points and Authorities and the FRCP 26(c)(1) and LR 26-7 Good Faith Certification attached hereto as exhibit 1. A proposed Protective Order is attached hereto as Exhibit 2.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   OVERVIEW**

On December 3, 2008 an indictment was filed in the United States District Court for the District of Nevada (Case No. 3:08-cr-0119-BES-RAM) against Truckee Carson Irrigation District ("TCID"), and current or former TCID employees David Overvold, Lyman McConnell, Shelby Cecil[1] and John Baker (hereinafter collectively referred to as "TCID Defendants"). *See* Exhibit 3.

As discussed at the June 22, 2009 status conference, Plaintiffs have indicated a desire to depose various Truckee Carson Irrigation District directors, officers, employees or former employees including Ernie Schank, Lyman McConnell, Dave Overvold, Walt Winder, Ray Peterson, Don Snodgrass, Chuck Vincent, and Larry Miller.

Counsel for TCID and counsel for the Kroshus and Uhouse Plaintiffs have discussed the need for a protective order in light of the criminal proceeding with regard to the depositions of Overvold, McConnell, TCID and other agents and employees of TCID.  Despite good faith efforts to resolve the dispute without court action, the parties have been unable to do so. Consequently, the court directed TCID to file a motion for protective order by June 26, 2009.

**II.   APPLICABLE LAW**

  A.   Federal Rules of Civil Procedure

Fed. Rules of Civ. Proc., Rule 26 provides, in part:

  (b)   Discovery Scope and Limitations.

---

[1] Shelby Cecil died subsequent to the indictment.

    (1)    Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows. Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

. . .

    (c)    Protective Orders:

    (1)    In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A)    Forbidding the disclosure or discovery;

. . .

    (D)    Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

FRCP 26 provides "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ." When the discovery does not appear relevant, the party seeking discovery has the burden to demonstrate relevance. *Moss v. Blue Cross Blue Shield of Kansas*, 241 F.R.D. 683 (D. Kan. 2007), *see also Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) ("the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district court's should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

    B.    <u>Federal Rules of Evidence</u>

Fed. Rules of Evid., Rule 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. Rules of Evid., Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. Rules of Evid., Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

## III.  THE INDICTMENT AND THE FIFTH AMENDMENT PRIVILEGE

### A.  The Indictment

On December 3, 2008 an indictment was filed in the United States District Court for the District of Nevada (Case No. 3:08-cr-0119-BES-RAM) against Truckee Carson Irrigation District ("TCID"), and current or former TCID employees David Overvold, Lyman McConnell, Shelby Cecil and John Baker (hereinafter collectively referred to as "TCID Defendants"). *See* Exhibit 3. The indictment alleged violations of:

1. 18 U.S.C. 371 - Conspiracy to defraud the United States
2. 18 U.S.C. 1519 - Falsification of records.
3. 18 U.S.C. 287 - False claims.
4. 18 U.S.C. 1001 - False statement.
5. 18 U.S.C. 2 - Aiding and abetting.

*See* Exhibit 3.

The indictment basically alleges that the TCID Defendants conspired to defraud the United States with regard to the "ascertainment, computation, assessment, and issuance of water incentive credits under the OCAP [Operating Criteria and Procedures]." *See* Exhibit 3, p. 6 - 7. The indictment provides that the TCID Defendants were trying to "fraudulently obtain from BOR incentive credits in the form of thousands of acre feet of water under the OCAP based upon TCID's materially false numbers regarding the amount of water TCID delivered and maintained for the irrigation seasons 2000 through 2005." *See* Exhibit 3, p. 7. According

1  to the indictment "By submitting materially false numbers to BOR, TCID purportedly met the
2  target efficiency rate set according to OCAP, which in turn triggered the granting of incentive
3  credits by BOR to TCID for TCID's use in any manner consistent with federal and state law."
4  *See* Exhibit 3, at p. 7. According to the indictment "TCID used the thousands of acre-feet of
5  water it obtained as incentive credits as recoupment payments." *Id*.

6  The indictment pertains to the delivery of water at the head gates of Newlands Project
7  water users, and basically alleges that TCID manipulated water meters and records for these
8  deliveries in order to fraudulently obtain incentive credits.

9      B.    The Fifth Amendment Privilege

10  The Fifth Amendment to the United States Constitution provides all persons with a
11  privilege against testifying in a manner that would tend to incriminate them. *De Vita v. Sills*,
12  422 F.2d 1172 (3rd Cir. 1970). The Fifth Amendment privilege may be asserted by any person
13  called as a witness in any type of proceeding. *Lefkowitz v. United States*, 414 U.S. 70, 77, 94
14  S.Ct. 316, 322, 38 L.Ed.2d 274 (1973). *see also In Re Folding Cart Antitrust Litigation*, 609
15  F.2d 867 (7th Cir. 1979) (the Fifth Amendment privilege applies at depositions).

16  A witness may exercise the Fifth Amendment privilege not only as to answers that
17  would directly support criminal liability but as to answers that would furnish a link in the chain
18  of evidence needed to prosecute him. *Hoffman v. Unites States*, 341 U.S. 479, 486, 71 S.Ct.
19  814, 818, 95 L.Ed. 1118 (1951).

20

21  **IV.    THE KROSHUS AND UHOUSE ACTIONS**

22      A.    Kroshus Action

23  On or about May 7, 2008, the Kroshus Plaintiffs filed a Complaint in the United States
24  District Court for the District of Nevada. The Kroshus Complaint alleges that "Plaintiffs are
25  individuals who reside in and/or own an interest in real property in Fernley, Nevada, and were
26  subjected to damages resulting from the flood waters that came from the breach of the Truckee
27  Canal on January 5, 2008."

28

The Kroshus Plaintiffs essentially allege that TCID negligently maintained and monitored the Truckee Canal, and that the same caused the January 5, 2008 Truckee Canal embankment failure. *See* Kroshus Complaint, p. 7 - 10.  The Kroshus Complaint does not include any allegations whatsoever that are within the scope of the issues raised by the indictment.

B. Uhouse Action

On or about May 23, 2008, the Uhouse Plaintiffs filed a Complaint in the United States District Court for the District of Nevada. The Uhouse Complaint alleges that Plaintiffs "as owners and/or residents of residential real property situated in Fernley, Nevada, . . . suffered damage as a result of the collapse and failure to a forty (40) foot long section of the Truckee Canal in the early morning of January 5, 2008."

The Uhouse Plaintiffs essentially allege that TCID negligently maintained and monitored the Truckee Canal, and that the same caused the January 5, 2008 Truckee Canal embankment failure. *See* Uhouse Complaint, p. 16-19.  The Uhouse Complaint does not include any allegations whatsoever that are within the scope of the issues raised by the indictment.

C. The Kroshus and Uhouse Actions Involve Operation and Maintenance of the Truckee Canal

The Kroshus and Uhouse actions allege acts of negligence involving the operation and maintenance of the Truckee Canal, and seek damages arising out of the embankment failure.

The indictment pertains to alleged fraud involving the "ascertainment, computation, assessment, and issuance of water incentive credits under the OCAP" for the 2000 - 2005 irrigation seasons.  The indictment and the facts material to the indictment are not relevant to, and are not reasonably calculated to lead to the discovery of admissible evidence regarding any facts relevant to the January 5, 2008 Truckee Canal embankment failure.

/ / /

/ / /

### V. PLAINTIFFS ARE BE PRECLUDED FROM CONDUCTING ANY EXAMINATION WITH REGARD TO THE INDICTMENT AND FACTS MATERIAL TO THE INDICTMENT

A. <u>The Indictment is Not Admissible</u>

The indictment, in and of itself, is not admissible. *Hurst v. United States*, 337 F.2d 678, 681 (5th Cir. 19664). In *Hurst* the Fifth Circuit noted and held:

> Even where the accused himself puts his character in evidence, and the court may permit him to be cross-examined with respect to specific acts, proof may not generally be made of any prior bad conduct short of proof of an actual conviction of crime. Thus, in none of the exceptions may the jury be told of arrests or indictments which are not followed by a conviction. . . .
>
> Here, four of the indictments read to the jury were dismissed by the prosecuting authorities. Dealing with this subject Professor Wigmore says, `It should be understood by all courts that the only relevant circumstance is actual conduct- i.e., the fact, not the mere charge, of having misbehaved.' Wigmore on Evidence III, 3d Ed. section 980(a). This writer also says, `It follows that a mere arrest or indictment will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness's guilt.'
>
> We need not consider the question of whether, when the defendant properly raises the issue of his good character, this may be rebutted by extrinsic proof of actual convictions of other crimes. There is much diversity of viewpoint touching on this subject, especially where the defendant is subjected to cross-examination touching on his character. For an analysis of the state of the law in the various jurisdictions of the United States see Wigmore III, 3d Ed. section 987.
>
> The Government contends that this is not a typical case of rebutting proof of good character. Rather, it says that this is a case of rebutting affirmative evidence that Hurst had 'no record.' The subtlety of this distinction is too refined to permit such damaging testimony to be brought in to disprove this truly irrelevant fact. We conclude, therefore, that whatever the rule may be with respect to rebutting of true character testimony by extrinsic evidence of actual convictions, the exception cannot be broadened to include extrinsic evidence of mere indictments, especially where there have been orders of dismissal finally disposing of the indictments.

There is no question that discovery with regard to the mere fact of the indictment is not appropriate.

B. <u>Privileged Information Is Not Discoverable</u>

FRCP 26 specifically provides that "Parties may obtain discovery regarding any non-privileged matter . . ." Consequently, discovery with regard to matters encompassed by the Fifth Amendment privilege is precluded. *United States v. Talco Contractors, Inc.*, 153 F.RD.

5011 (W.D. N.Y 1993) ("a court cannot order a party to provide discovery over his valid objection that providing the discovery would impinge his self-incrimination privilege without running afoul of Rule 26( b)(1) and the testimonial compulsion clause of the Fifth Amendment") *citing* U.S. Constitution Amendment V, and *Andover Data Services v. Statistical Tabulating Corporation*, 876 F.2d 1080 (2d Cir.1989).

Consequently, with respect to the indicted TCID employees (Overvold, McConnell and Baker) there is no question that examination with regard to the indictment and the facts material to the indictment is precluded as the same is subject to the Fifth Amendment privilege.

### C.   The Facts Material to the Indictment Are Not Relevant To, or Discoverable in this Action

FRE 402 provides that "evidence which is not relevant is not admissible." Pursuant to FRCP 26(b), discovery is limited to matters which are reasonably calculated to lead to the discovery of admissible evidence. Discovery with regard to the facts relevant to the indictment is not resaonably calculated to lead to the discovery of admissible evidence.

The indictment alleges a conspiracy to defraud the United States with respect to incentive credits for the 2000-2005 irrigation seasons. The Kroshus and Uhouse actions seek damages from TCID attributable to the January 5, 2008 Truckee Canal embankment failure. The Kroshus and Uhouse Plaintiffs allege that TCID negligently failed to maintain and operate the Truckee Canal. Facts relevant to the indictment are not relevant to the Kroshus or Uhouse claim that TCID negligently operated and maintained the Truckee Canal. Furthermore, facts relevant to the indictment are not reasonably calculated to lead to the discovery of admissible evidence in the Kroshus or Uhouse actions.

Consequently, examination of TCID or TCID's agents and employees with respect to the indictment is precluded.

### D.   The Protective Order Should Apply to All TCID Agents and Employees

The criminal investigation is not over. The possibility exists that other TCID agents and employees could be indicted. The TCID agents and employees would be entitled to assert the

1  Fifth Amendment privilege.  Consequently, the protective order should encompass any FRCP
2  30(b)(6) deposition of TCID and all TCID agents and employees.

## VI. CONCLUSION

In light of the foregoing points and authorities, TCID and Overvold respectfully request that this Court enter the Order of Protection attached hereto as Exhibit 2.

DATED this 26th day of June, 2009.

                                DOYLE BERMAN MURDY, P.C.

                                */s/ M. Craig Murdy*
By _____
                              M. CRAIG MURDY
                              Nevada Bar No. 7108
                              3295 N. Fort Apache Rd., Suite 110
                              Las Vegas, NV 89129
                              Attorneys for Defendants Board of Directors of
                              Truckee Carson Irrigation District, Truckee Carson
                              Irrigation District and David P. Overvold

# CERTIFICATE OF MAILING

I hereby certify that on the 26th day of June, 2009, I served a true and correct copy of the foregoing, **DEFENDANTS TRUCKEE CARSON IRRIGATION DISTRICT AND DAVID P. OVERVOLD'S MOTION FOR PROTECTIVE ORDER** via U.S. District Court-Efile and Serve Program and/or courtesy copies via email, to the following:

SEE ATTACHED SERVICE LIST

*/s/ Becky Finnell*

# SERVICE LIST

| | |
|---|---|
| John A. Aberasturi<br>Erickson, Thorpe & Wainston<br>99 West Arroyo Street<br>Reno, Nevada 89509<br>***Attorneys for LL Realty, Inc.***<br>jaberasturi@etsreno.com | Gregory Addington<br>United States Attorney<br>100 W. Liberty, Suite 600<br>Reno, Nevada 89501<br>***Attorneys for Federal Defendants***<br>greg.addington@usdoj.gov |
| Charles L. Burcham<br>Thorndal, Armstrong, Delk,<br>Balkenbush & Eisinger<br>6590 S. McCarran, Suite B<br>Reno, Nevada 89509<br>***Attorneys for Lyon County***<br>clb@thorndal.com | Anthony T. Case<br>Farmer Case & Fedor<br>2510 Wigwam Pkwy., Suite 206<br>Henderson, Nevada 89074<br>***Attorneys for Keystone, Realty***<br>paralegal@farmercasenev.com |
| Calvin R.X. Dunlap<br>Dunlap & Laxalt<br>P.O. Box 3689<br>Reno, Nevada 89505<br>***Attorneys for Uhouse Plaintiffs***<br>***Attorneys for Reynolds Plaintiffs***<br>worldlyx@worldnet.att.net | Randall K. Edwards<br>The Kearns Building<br>136 South Main Street, Suite 700<br>Salt Lake City, Utah 84101<br>***Attorneys for Kroshus Plaintiffs***<br>randall@randallkedwards.com |
| Eugene Leverty<br>Leverty & Associates<br>832 Willow Street<br>Reno, Nevada 89502<br>***Attorneys for Uhouse Plaintiffs***<br>***Attorneys for Plaintiffs Reynolds***<br>gene@levertylaw.com | Robert R. Hager<br>Treva J. Hearne<br>Hager & Hearne<br>245 E. Liberty, Suite 110<br>Reno, Nevada 89501<br>***Attorneys for Plaintiffs Kroshus***<br>Trevahearn@aol.com |
| Lee T. Hotchkin<br>1025 Ridgeview Drive, Suite 200<br>Reno, Nevada 89519<br>***Attorneys for Plaintiffs Kroshus***<br>lthotch@sbcglobal.net | Robert C. Maddox<br>Robert C. Maddox & Associates<br>10587 Double R Blvd., Suite 100<br>Reno, Nevada 89521<br>***Attorneys for Plaintiffs Uhouse***<br>***Attorneys for Plaintiffs Reynolds***<br>rmaddox@maddoxandassociates.com |
| Newel B. Knight<br>Stephens, Knight & Edwards, LLP<br>401 Ryland St., Suite 330<br>Reno, Nevada 89502<br>***Attorneys for C.A.L. Investment and Eilrich***<br>nbknight@sbcglobal.net | Brent T. Kolvet<br>Thorndalh, Armstrong, Delk,<br>Balkenbush & Eisinger<br>6590 S. McCarran, Suite B<br>Reno, Nevada 89509<br>***Attorneys for the City of Fernley***<br>btk@thorndal.com |

| | |
|---|---|
| Lyman F. McConnell<br>LFM, Ltd.<br>1247 Rice Road<br>Fallon, Nevada<br>***Attorneys for TCID***<br>lyman@tcid.org | Thomas Mirczak<br>Clayson & Marias<br>One East First St., Suite 1400<br>Reno, Nevada 89501<br>***Attorneys for King Construction***<br>glenna.gish@zurichna.com |
| Gary M Pakele<br>Law Office of Gary M Pakele<br>432 Court Street<br>Reno, NV 89501<br>***Attorneys for Altman Homes***<br>gmpakele@hotmail.com | Michael E. Stoberski<br>Zachary J. Thompson<br>Olson Cannon Gormley & Desruisseaux<br>9950 West Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>***Attorneys for Remax and Ashton***<br>mstoberski@rocgd.com |
| Michael J. Van Zandt<br>Hanson Bridgett<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>***Attorneys for TCID***<br>mvanzandt@hansonbridgett.com | Don Springmeyer<br>Angius & Terry, LLP<br>1120 North Town Center Drive, Suite 206<br>Las Vegas, NV 89144<br>***Attorneys for David Hail, Mary Hail and Ernie Duarte***<br>dspringmeyer@angius-terry.com |
| Kent Robison<br>Robison, Belaustegui, Sharp & Lowe<br>71 West Washington Street<br>Reno, Nevada 89503<br>krobison@rbslattys.com<br>**Attorneys for Greater Nevada Builders** | Shauna N. Corriea<br>Matt Hooper<br>Bullivant Houser Bailey, P.C.<br>1415 L Street, Site 1000<br>Sacramento, CA 95814<br>shauna.correia@bullivant.com<br>matt.hooper@bullivant.com<br>***Attorneys for Crisp Development; Berle G. Crisp*** |
| Mark L. Gentile<br>Gentile Law Group<br>1640 Alta Drive, Suite 12<br>mark@gentilelawgroup.com<br>***Attorneys for Charles Prandi*** | Rick Lawton<br>Law Office of Rick Lawton<br>Post Office Box 1740<br>Fallon, Nevada 89407<br>lawtonrick@earthlink.net<br>***Counsel for Mary & Leo Suennen; Lawrence & Conchetta Biral, Jr., Helen Glenn & Estate of James Glenn*** |
| Kelly R. Chase<br>Law Office of Kelly R. Chase<br>Post Office Box 2800<br>Minden, Nevada 89423<br>kellyrchaselaw@aol.com<br>***Attorneys for Nevada Johnson, Inc.*** | |