# EXHIBIT 1

1    M. CRAIG MURDY
     Nevada Bar No. 7108
2    DOYLE BERMAN MURDY, P.C.
     3295 N. Fort Apache Rd., Suite 110
3    Las Vegas, NV 89129
     Telephone: (702) 873-1622
4    Attorneys for Defendants Truckee Carson
     Irrigation District and David P. Overvold
5
                   UNITED STATES DISTRICT COURT
6
                        DISTRICT OF NEVADA
7
8    JUDY KROSHUS, et al.,
                                              CASE 3:08-CV-00246 LDG-RAM
9              Plaintiffs,                    DEPT. NO.

     vs.                                      **FRCP 26(c)(1) AND LR 26-7(b) GOOD FAITH**
10                                            **CERTIFICATION**
     UNITED STATES OF AMERICA, et al.,
11
               Defendants.
12

13          Pursuant to FRCP 26(c)(1) and LR 26-7(b), Defendant Truckee-Carson Irrigation District, by

14   and through undersigned counsel, hereby certifies that TCID, by and through undersigned counsel, has

15   in good faith conferred with counsel for the Kroshus Plaintiffs and the Uhouse Plaintiffs in order to

16   resolve the discovery dispute concerning a Motion for Protective Order with regard to the TCID and

     TCID employee depositions.
17
            Despite sincere efforts to do so, counsel have been unable to resolve the matter without court
18
     action.
19
            DATED this 26ᵗʰ day of June, 2009.
20
                                              DOYLE BERMAN MURDY, P.C.
21

22

23                                            By _____
                                                 M. Craig Murdy
24                                               Nevada Bar No. 7108
                                                 3295 N. Fort Apache Rd., Suite 110
25                                               Las Vegas, NV 89129
                                                 Attorneys for Defendants Truckee Carson Irrigation
26                                               District and  David P. Overvold

27

28
     J:\EDSISS\DOCS\PAUL\1028\ORIGINAL\EO0882.WPD

EXHIBIT 2

M. CRAIG MURDY
Nevada Bar No. 7108
DOYLE BERMAN MURDY, P.C.
3295 N. Fort Apache Rd., Suite 110
Las Vegas, NV 89129
Telephone: (702) 873-1622
Attorneys for Defendants Truckee Carson
Irrigation District and David P. Overvold

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDY KROSHUS, et al., | CASE 3:08-CV-00246 LDG-RAM |
| Plaintiffs, | DEPT. NO. |
| vs. | **PROPOSED PROTECTIVE ORDER RE** |
| UNITED STATES OF AMERICA, et al., | **TRUCKEE CARSON IRRIGATION** |
| Defendants. | **DISTRICT DEPOSITIONS** |

Pursuant to Defendants Truckee-Carson Irrigation District and David Overvold's Motion for Protective Order and good cause appearing therefor:

IT IS ORDERED:

1.    Except upon further order of the Court, at all hearings, depositions, and other proceedings, no examination of Truckee Carson Irrigation District or Truckee Carson Irrigation District's agents and employees, including but not limited to Ernie Schank, David Overvold, Lyman McConnell, John Baker, Walt Winder, Ray Peterson, Don Snodgrass, Chuck Vincent, and Larry Miller will be allowed on the following issues:

        a.    That TCID and its employees and former employees conspired to fraudulently ascertain, compute, assess, obtain, calculate and issue water incentive credits under OCAP.

        b.    That TCID and its employees and former employees materially falsified numbers regarding delivery of water to the head gates of irrigated land in northern Nevada.

        c.    That TCID and its employees and former employees engaged in a practice of record keeping whereby TCID noted a greater amount of water delivery to certain landowners and project participants when no amount (or a significantly lesser amount) of water had actually been delivered to those landowners and project participants at that time);

        d.    That TCID and its employees and former employees manipulated at least one water meter to record a greater amount flowing through a ditch than in fact was actually flowing;

e.   That TCID ditch riders were instructed by TCID Water Masters to record their delivery of water to landowners and project participants in pencil, providing an opportunity to later manipulate the ditch rider's numbers; \

f.   That TCID and its employees and former employees used abandoned canal head gates for writing off water;

g.   That TCID and its employees and former employees submitted inflated figures regarding its total amount of water delivered to farm head gates of landowners and project participants (referred to in the indictment as the "total delivery amount") to Bureau of Reclamation (BOR);

h.   That TCID and its employees and former employees submitted false total delivery amounts on behalf of TCID to the BOR;

i.   That TCID and its employees and former employees "wrote off" water and manipulated and disabled water meters and instructed other employees and former employees to do the same;

j.   That TCID and its employees and former employees falsified TCID's project water delivery records;

k.   That TCID and its employees and former employees made false claims to the BOR that TCID's delivery of project water called for the issuance of incentive credits by BoR pursuant to OCAP;

l.   That TCID and its employees and former employees made false statements to the BOR by presenting records as to TCID's delivery of project water for calculation and issuance of incentive credits pursuant to OCAP; and

m.   Of alleged false statements and fraudulent presentations against and allegations of aiding/abetting and conspiracy regarding the calculation of incentive credits as they relate to water delivery records and data and/or meter tampering.

DATED this _____ day of _____, 2009.


_____
U.S. District Court Judge

# EXHIBIT 3

1    MCGREGOR W. SCOTT
     United States Attorney
2    Eastern District of California
     501 "I" Street, Suite 10-100
3    Sacramento, California 95814
     Phone: (916) 554-2700
4    JAMES E. KELLER
     Assistant United States Attorney
5    100 West Liberty Street, Suite 600
     Reno, Nevada 89501
6    Phone: (775) 784-5438

7



8                UNITED STATES DISTRICT COURT

9                     DISTRICT OF NEVADA

10   UNITED STATES OF AMERICA,          )   **3:08-CR-0119-BES-RAM**
                                        )
11              Plaintiff,              )   INDICTMENT FOR VIOLATIONS OF:
                                        )
12        v.                            )   TITLE 18, UNITED STATES CODE,
                                        )   SECTION 371 - Conspiracy to
13   DAVID OVERVOLD,                    )   Defraud the United States
     LYMAN McCONNELL,                   )   (Count One)
14   SHELBY CECIL,                      )
     JOHN BAKER, and                    )   TITLE 18, UNITED STATES CODE,
15   TRUCKEE CARSON IRRIGATION DISTRICT,)   SECTION 1519 - Falsification
          a/k/a "TCID,"                 )   of Records (Counts Two, Five,
16                                      )   and Eight)
                                        )
17              Defendants.             )   TITLE 18, UNITED STATES CODE,
     _____)   SECTION 287 - False Claims
18                                          (Counts Three, Six, and Nine)

19                                          TITLE 18, UNITED STATES CODE,
                                            SECTION 1001 - False Statement
20                                          (Counts Four, Seven and Ten)

21                                          TITLE 18, UNITED STATES CODE,
                                            SECTION 2 - Aiding and
22                                          Abetting (Counts Two to Ten)

23                          COUNT ONE

24        [18 U.S.C. § 371 - Conspiracy to Defraud the United States]

25   The Grand Jury charges:

26                       DAVID OVERVOLD,
                         LYMAN McCONNELL,
27                        SHELBY CECIL,
                         JOHN BAKER, and
28           TRUCKEE CARSON IRRIGATION DISTRICT,
                      a/k/a "TCID,"

defendants herein, as follows:

I.

INTRODUCTION

At all times relevant to this Indictment:

A.    The Defendants

~~1.~~    Defendant ~~TRUCKEE-CARSON IRRIGATION~~ DISTRICT (a/k/a ~~"TCID"~~) was a public irrigation district established under the laws of Nevada.

(a) Pursuant to a contract with the United States Bureau of Reclamation, TCID operated and maintained Newlands Project Works (as defined herein), including, without limitation, the Lahontan Reservoir Dam and reservoir, Lake Tahoe Dam and reservoir, the Derby Diversion Dam, and canals, ditches and drainage systems, through which TCID delivers water each year to landowners who are Newlands Project participants in Northern Nevada.

(b) TCID had a seven-member Board of Directors (the "Board"). To be eligible to serve on the Board, each member had to be a Nevada landowner and a participant in the Newlands Project, which entitled him/her to receipt of an amount of acre-feet of water each irrigation season by TCID.

(c) Through the Board, TCID employed officers with supervisory authority on behalf of TCID, including a Project Manager and a District Engineer.

(d) TCID also employed Watermasters with supervisor authority who served as the direct supervisors of TCID ditchriders.

(e) TCID ditchriders were field employees who, in general, administered TCID's delivery of water through Project Works canals to

2

1  landowners participating in the Newlands Project.

2        (f)  TCID's offices were located in Fallon, State and
3  District of Nevada. TCID employed a support staff in its Fallon
4  offices.

5     2.    Defendant DAVID OVERVOLD was a TCID officer who resides in
6  Fallon, Nevada.  OVERVOLD was the District Engineer, and thereafter
7  the Project Manager, for TCID.

8     3.    Defendant LYMAN McCONNELL was a TCID officer who resides in
9  Fallon, Nevada.  McCONNELL was the Project Manager for TCID.  When
10 OVERVOLD became TCID's Project Manager, McCONNELL provided consulting
11 work and served as a representative for TCID.

12    4.    Defendant SHELBY CECIL was a TCID Watermaster who resides
13 in Fallon, Nevada.  During his employ, CECIL trained at least one new
14 Watermaster for TCID and demonstrated how to manipulate a water meter
15 in one of the canals of the Newlands Project Works.

16    5.    Defendant JOHN BAKER was a TCID Watermaster who resides in
17 Fallon, Nevada.  BAKER was initially a Watermeter Technician, then
18 Watermaster, for TCID.  BAKER trained at least one new Watermaster
19 for TCID and encouraged the writing-off of water.

20 B.    OCAP and the Water Credits Incentive Program

21    6.    In approximately 1902, Francis G. Newlands, the United
22 States Senator from Nevada, was instrumental in obtaining, as part of
23 the Reclamation Act, federal funding to construct Derby Dam, the
24 Truckee Canal, and other water infrastructure to control and manage
25 more effectively water flowing from the Sierra Mountains to Northern
26 Nevada.  This endeavor was commonly referred to as the Newlands
27 Project (the "Project").

28

3

7.    The United States Bureau of Reclamation ("BOR"), an agency of the United States government, specifically the United States Department of the Interior, helped construct and administer the Project.

8.    TCID was formed in approximately 1926. As part of the administration of the Newlands Project, the BOR entered a service contract with the TCID for TCID to handle the operation and maintenance of the Project. This contract was most recently renewed on or about November 25, 1996 (the "1996 Contract"), under the title "Operation and Maintenance of the Newlands Projects," whereby, in pertinent part, the TCID contracted to continue the care, operation and maintenance of all of the Project Works currently entrusted to it. In the 1996 Contract, Project Works is defined in pertinent part "as all federally owned facilities used for Project purposes and includes the Lahontan Reservoir dam, reservoir, and lands; Lake Tahoe Dam, reservoir, and lands; the Derby Diversion Dam and lands, the Old Lahontan Power Plant (subject to existing leases), and all essential federally owned lands, easements, rights-of-way, dams, diversion works, buildings, canals, laterals, sublaterals, ditches, distribution and draining systems, and stock water pipelines. . . ."

9.    Pursuant to the 1996 Contract, TCID, among other things, is responsible for the distribution and delivery of Project water from the Lahontan Reservoir and the Carson and Truckee Rivers through canals (and other Project Works) to the farmhead gates of particular landowners who are Newlands Project participants in the District of Nevada. Generally, these landowners having rights to the delivery of water from TCID are primarily farmers and ranchers located in the

4

District of Nevada.

10.    TCID's obligations in terms of water distribution are set forth in the Operating Criteria and Procedures ("OCAP"). The 1973 version of the OCAP provides a limit of 288,120 acre-feet of water that may be diverted from the Truckee River by TCID annually.

11.    In 1988, the OCAP was revised to include an efficiency incentive provision, which states in pertinent part, "In any given year that TCID's actual water efficiency exceeds the target efficiency for the actual head-gate water delivery ["target efficiency rate" or "efficiency"], two-thirds of the resultant savings, in water, will be credited to TCID as storage in the Lahontan Reservoir ["incentive credits"]. This storage amount will remain in the Lahontan Reservoir as water available to TCID to be used at TCID's own discretion."

12.    Under this provision, TCID is provided incentive credits by BOR when TCID's annual water distribution and delivery to headgates of water right holders results in a Project-wide distribution efficiency greater than a target efficiency calculated pursuant to the OCAP. These incentive credits have value, in the form of water from the Truckee River, which may be used for any purpose consistent with federal and state law, including their sale to another party.

13.    In 1995, a lawsuit was filed in federal court against TCID's Board of Directors seeking the repayment of approximately 1,057,000 acre-feet of water that was allegedly diverted from the Truckee River to the Project in violation of the 1973 OCAP under docket number CV-N-95-757-HDM (the "civil action"). Through consistent diversion of water from Truckee River that should have gone to Pyramid Lake, it

5

was alleged that Pyramid Lake water levels dropped substantially, and over many years, by approximately seventy feet.  In 2003, judgment was entered in favor of the United States and the Pyramid Lake Paiute Tribe ("PLT"), whose territory includes Pyramid Lake, and against TCID for TCID's excess diversions of the Truckee River in the amount of 197,152 acre-feet of water.  One acre-foot of water is approximately 326,700 gallons of water.

14.    TCID used the incentive credits it obtained from BOR from 2000 through 2005 (adjusted to account for evaporation loss) as recoupment payments in the civil action consistent with the Court's judgment.

II.

THE CONSPIRACY

15.    Beginning at a time unknown to the Grand Jury, but no later than December 26, 2000, and continuing until on or about December 3, 2007, in the State and District of Nevada,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL,
JOHN BAKER, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

defendants herein, the last of which was an entity whose employees were acting within the scope of their employment and for the benefit of their employer, knowingly combined, conspired, and agreed among themselves, and with others both known and unknown to the Grand Jury, to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions of the United States Bureau of Reclamation ("BOR") in the ascertainment, computation, assessment,

1    and issuance of water incentive credits under the OCAP, and did so

2    through deceit, craft, trickery, and dishonest means.

3        16.    The object of this conspiracy was for TCID to fraudulently

4    obtain from BOR incentive credits in the form of thousands of acre-

5    feet of water under the OCAP based upon TCID's materially false

6    numbers regarding the amount of water TCID delivered and maintained

7    for the irrigation seasons 2000 through 2005.  By submitting

8    materially false numbers to BOR, TCID purportedly met the target

9    efficiency rate set according to the OCAP, which, in turn, triggered

10   the granting of incentive credits by BOR to TCID for TCID's use in

11   any manner consistent with federal and state law.  TCID used the

12   thousands of acre-feet of water it obtained as incentive credits as

13   recoupment payments in the civil action in 2005 and 2007.

14                                III.

15                          MANNER AND MEANS

16       17.    For each of the irrigation years 2000 through 2005, TCID

17   representatives engaged in a practice of materially falsifying its

18   numbers regarding TCID's delivery of water to the headgates of

19   irrigated land in Northern Nevada.  In furtherance of the conspiracy,

20   defendants and their coconspirators employed, among others, the

21   following ways and means:

22           (a) TCID engaged in a practice of record-keeping whereby

23   TCID employees noted a greater amount of water delivery to certain

24   landowners and Project participants when no amount (or a

25   significantly lesser amount) of water had actually been delivered to

26   those landowners and Project participants at that time.  This

27   practice typically occurred toward the end of irrigation seasons and

28

                                   7

1   was commonly referred to as the "writing-off of water."  An

2   irrigation season typically runs from March 15 through November 15 of

3   each year.

4           (b)  At the demonstration, instruction, and approval of a

5   at least one TCID Watermaster, TCID employees manipulated at least

6   one water meter to record a greater amount of water flowing through a

7   ditch than in fact was actually flowing.

8           (c)  TCID ditchriders were instructed by TCID Watermasters to

9   record their delivery of water to landowners and Project participants

10  in pencil, providing opportunity to later manipulate ditchriders'

11  numbers.

12          (d)  TCID used abandoned canal headgates for its writing-off

13  of water.

14          (e)  For irrigation years 2000 through 2005, TCID submitted

15  inflated figures regarding its total amount of water delivered to

16  farmhead gates of landowners and Project Participants (the "total

17  delivery amount") to BOR.

18     18.  As part of the conspiracy, defendants and their

19  coconspirators submitted false total delivery amounts on behalf of

20  TCID for each of irrigation years 2000 through 2005 to BOR

21  representatives pursuant to the OCAP for a determination of TCID's

22  efficiency rate in relation to the target efficiency rate and whether

23  (and to what extent) BOR was to issue incentive credits to TCID.  As

24  TCID knew, BOR relied on these numbers to calculate TCID's target

25  efficiency rate and to determine the amount of incentive credits to

26  issue TCID.

27     19.  By falsely inflating the total delivery amount for years 2000

28

8

through 2005, through, among other means, the writing-off of water and manipulation of water meters, TCID directly affected BOR's calculation of TCID's delivery efficiency and, in so doing, fraudulently obtained incentive credits from BOR for the benefit of TCID.

20.  For the irrigation year 2000, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 9,300 acre-feet of water.

21.  For the irrigation year 2001, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 4,220 acre-feet of water.

22.  For the irrigation year 2002, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 8,500 acre-feet of water.

23.  For the irrigation year 2003, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 8,300 acre-feet of water.

24.  For the irrigation year 2004, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 9,550 acre-feet of water.

25.  For the irrigation year 2005, based upon the total delivery amount figures submitted by TCID, BOR determined that TCID's incentive credit was approximately 5,300 acre-feet of water.

IV.

OVERT ACTS

26.  In furtherance of the conspiracy, and to achieve the objects thereof, the defendants and their coconspirators committed, among

9

others, the following overt acts in the State and District of Nevada.

(a)      Defendant LYMAN McCONNELL, as TCID Project Manager, sent a letter to a BOR Area Manager on or about December 26, 2000, advising in pertinent part that TCID achieved and reported a 70% overall project efficiency for the 2000 irrigation season, which exceeded the expected efficiency under OCAP, and that TCID and its water users were entitled to an incentive credit at the end of the irrigation season.

(b)      On or about June 14, 2001, defendant LYMAN McCONNELL, TCID Project Manager, received a letter from a BOR Area Manager advising that, because TCID delivered Newlands Project water to head gates at an efficiency that exceeded the target as defined in the OCAP, TCID earned an incentive credit of 9,300 acre-feet of water.

(c)      On or about March 25, 2002, defendant DAVID OVERVOLD signed a letter addressed to a BOR Acting Area Manager referencing BOR's calculations of incentive credit for the 2001 irrigation season and TCID's "deep involvement" in the recoupment lawsuit.

(d)      Between on or about October 1, 2002, and November 30, 2002, defendant LYMAN McCONNELL confronted a TCID employee for not processing orders to write-off water.

(e)      Between on or about October 1, 2002, and November 30, 2002, defendant LYMAN McCONNELL instructed a TCID employee to process orders to write-off water.

(f)      At a time unknown to the grand jury, but between on or about October 1, 2002, and November 30, 2002, defendant DAVID

OVERVOLD told a TCID employee that the writing off of water was not a concern of the TCID employee and to mind his/her own business.

(g)     On or about February 4, 2003, defendant LYMAN McCONNELL signed a letter addressed to a BOR Area Manager regarding irrigated acreage for 2003, referencing TCID's incorrect calculation of approximately 59,478.14 irrigated acres for 2003.

(h)     On or about February 6, 2003, defendant DAVID OVERVOLD signed a letter addressed to a BOR Area Manager relating to BOR's calculations of incentive credit for the 2002 irrigation season.

(i)     Between on or about October 1, 2003, and on or about November 30, 2003, defendant SHELBY CECIL explained to a TCID ditchrider how to write off water.

(j)     Between on or about October 1, 2003, and on or about November 30, 2003, defendant SHELBY CECIL completed a water delivery card of a TCID ditchrider to reflect the writing-off of water.

(k)     In November 2003, defendant JOHN BAKER altered a TCID water ticket to reflect the writing-off of water.

(l)     In November 2005, defendant SHELBY CECIL showed a TCID ditchrider who was in training to become a TCID watermaster how to use cotton, cloth, or wads of paper to manipulate a water meter.

(m)     On or about April 25, 2006, defendant DAVID OVERVOLD signed a letter addressed to a BOR Area Manager referencing TCID's delivery records for 2005 and BOR's preliminary calculation of incentive credits for 2005.

(n)     On or about November 30, 2005, defendant DAVID

11

1   OVERVOLD helped prepare a chart as part of TCID records reflecting a
2   189% efficiency rate for TCID for November 2005.

3       (o)    On or about February 14, 2006, TCID received a
4   document entitled "Federal Water Master's Certification of Compliance
5   with the Judgment by the Truckee-Carson Irrigation District" which
6   was filed in the civil action on February 14, 2006, advising in
7   substance that TCID had used incentive water credits as partial
8   recoupment payments in the civil action.

9       (p)    On or about May 30, 2006, based upon the Federal
10  Water Master's Certification filed on February 14, 2006, which was
11  adopted by the Court, TCID received partial satisfaction of judgment
12  in the civil action in the amount of 3,271 acre-feet of water by
13  order of the Court.

14      (q)    On or about June 20, 2006, defendant JOHN BAKER
15  called a TCID ditchrider and acknowledged to the ditchrider the use
16  of an abandoned canal headgate for the writing-off of water.

17      (r)    On or about September 25, 2006, defendant JOHN
18  BAKER instructed a TCID ditchrider to write-off water.

19      (s)    On or about September 25, 2006, defendant JOHN
20  BAKER advised a TCID ditchrider that, according to defendant LYMAN
21  McCONNELL, the ditchrider can write-off water.

22      (t)    Between on or about September 1, 2006, and
23  November 15, 2006, defendant JOHN BAKER informed a TCID ditchrider
24  how to disable a water meter.

25      (u)    On or about December 29, 2006, defendant DAVID
26  OVERVOLD signed a letter to the Federal Water Master in the civil
27  action, advising, in pertinent part, that BOR had permitted TCID to

28

12

divert all available Truckee River water in January 2007, and that
TCID intended to forego diversion from Truckee River and allow water
to pass Derby Dam until the amount equaled TCID's estimated incentive
credit of 23,100 acre-feet of water under the same conditions
implemented in the December 2005 recoupment agreement.

(v)        On or about June 27, 2007, TCID received a document
entitled "Federal Water Master's Certification of Compliance with the
Judgment by the Truckee-Carson Irrigation District" which was filed
in the civil action on June 27, 2007, advising in pertinent part and
in substance that TCID should be credited with the repayment of
24,962 acre-feet of water to the Truckee River under the judgment in
the civil action.

(w)        On or about October 9, 2007, based upon the
Federal Water Master's Certification filed on June 27, 2007, which
was adopted by the Court, TCID received partial satisfaction of
judgment in the civil action in the amount of 24,962 acre-feet of
water by order of the Court.

(x)        On or about December 3, 2007, defendants LYMAN
MCCONNELL and DAVID OVERVOLD received a letter from a BOR Area
Manager noting in pertinent part and in substance that, according to
BOR calculations, 23,000 acre-feet of TCID's incentive credit water
was converted to Project water as a result of TCID's decision to
forbear diversions from the Truckee River to Lahontan Reservoir
during December of 2005 and January of 2007, and that this conversion
reduced TCID's incentive credit water in Lahontan Reservoir to a
balance of zero acre-feet of water.

All in violation of Title 18, United States Code, Section 371.

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. § 1519 - Falsification of Records,
Irrigation Year 2003]

The Grand Jury further charges that, beginning at a time unknown
to the Grand Jury, but not later than November 15, 2003, and
continuing until on or about February 24, 2004, in the State and
District of Nevada,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

defendants herein, the last of which was an entity whose employees
were acting within the scope of their employment and for the benefit
of their employer, did knowingly alter, conceal, cover up, falsify,
and make a false entry in any record, document, and tangible object,
namely TCID's Project water delivery records for irrigation year 2003
which it submitted to the United States Bureau of Reclamation ("BOR")
for calculation and issuance of incentive credits pursuant to the
Operating Criteria and Procedures ("OCAP"), with the intent to
impede, obstruct, and influence the proper administration of a matter
within the jurisdiction of a department or agency of the United
States, and in contemplation of such matter, namely BOR's
determination and issuance under the OCAP of incentive credits in the
amount of approximately 8,300 acre-feet of water to TCID, in
violation of Title 18, United States Code, Sections 1519 and 2.

COUNT THREE

[18 U.S.C. § 287 - False Claim,
Irrigation Year 2003]

14

The Grand Jury further charges that, beginning at a time unknown to the Grand Jury, but not later than November 15, 2003, and continuing until on or about February 24, 2004, in the State and District of Nevada,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

defendants herein, the last of which was an entity whose employees were acting within the scope of their employment and for the benefit of their employer, did knowingly present to the United States Bureau of Reclamation ("BOR") a claim upon BOR; that is, a claim that TCID's delivery of Project water for irrigation year 2003 called for the issuance of incentive credits by BOR pursuant to the Operating Criteria and Procedures ("OCAP"), knowing that the claim was false in that TCID's figures submitted to BOR as to TCID's delivery of Project water in irrigation year 2003 were materially inflated to provide TCID incentive credits under the OCAP in the amount of approximately 8,300 acre-feet of water from BOR, in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT FOUR

[18 U.S.C. § 1001 - False Statement,
Irrigation Year 2003]

The Grand Jury further charges that, beginning at a time unknown to the Grand Jury, but not later than November 15, 2003, and continuing until on or about February 24, 2004, in the State and District of Nevada, in a matter within the jurisdiction of the United States Bureau of Reclamation ("BOR"), an agency of the United States,

15

1    DAVID OVERVOLD,
2    LYMAN McCONNELL,
     SHELBY CECIL, and
3    TRUCKEE CARSON IRRIGATION DISTRICT,
     a/k/a "TCID,"

4    defendants herein, the last of which was an entity whose employees

5    were acting within the scope of their employment and for the benefit

6    of their employer, did knowingly and willfully make and use and

7    caused to be made and used a materially false writing and document by

8    presenting to BOR records as to TCID's delivery of Project water for

9    irrigation year 2003 for calculation and issuance of incentive

10   credits pursuant to the Operating Criteria and Procedures ("OCAP"),

11   knowing the delivery records to be false; that is, these records were

12   inflated to provide TCID incentive credits in the amount of

13   approximately 8,300 acre-feet of water from BOR, in violation of

14   Title 18, United States Code, Sections 1001 and 2.

15                        COUNT FIVE

16            [18 U.S.C. § 1519 - Falsification of Records,
17                        Irrigation Year 2004]

18       The Grand Jury further charges that, beginning at a time unknown

19   to the Grand Jury, but not later than November 15, 2004, and

20   continuing until on or about April 4, 2005, in the State and District

21   of Nevada,

22                    DAVID OVERVOLD,
23                    LYMAN McCONNELL,
                      SHELBY CECIL, and
24         TRUCKEE CARSON IRRIGATION DISTRICT,
                      a/k/a "TCID,"

25   defendants herein, the last of which was an entity whose employees

26   were acting within the scope of their employment and for the benefit

27   of their employer, did knowingly alter, conceal, cover up, falsify,

28   and make a false entry in any record, document, and tangible object,

                              16

1  namely TCID's Project water delivery records for irrigation year 2004
2  it submitted to the United States Bureau of Reclamation ("BOR") for
3  calculation and issuance of incentive credits pursuant to the
4  Operating Criteria and Procedures ("OCAP"), with the intent to
5  impede, obstruct, and influence the proper administration of a matter
6  within the jurisdiction of a department or agency of the United
7  States, and in contemplation of such matter, namely BOR's
8  determination and issuance under the OCAP of incentive credits in the
9  amount of approximately 9,550 acre-feet of water to TCID, in
10 violation of Title 18, United States Code, Sections 1519 and 2.

COUNT SIX

[18 U.S.C. § 287 - False Claim,
Irrigation Year 2004]

14     The Grand Jury further charges that, beginning at a time unknown
15 to the Grand Jury, but not later than November 15, 2004, and
16 continuing until on or about April 4, 2005, in the State and District
17 of Nevada,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

21 defendants herein, the last of which was an entity whose employees
22 were acting within the scope of their employment and for the benefit
23 of their employer, did knowingly present to the United States Bureau
24 of Reclamation ("BOR") a claim upon BOR; that is, a claim that TCID's
25 delivery of Project water for irrigation year 2004 called for the
26 issuance of incentive credits by BOR pursuant to the Operating
27 Criteria and Procedures ("OCAP"), knowing that the claim was false in
28 that TCID's figures submitted to BOR as to TCID's delivery of Project

17

1    water in irrigation year 2004 were materially inflated to provide

2    TCID incentive credits under the OCAP in the amount of approximately

3    9,550 acre-feet of water from BOR, in violation of Title 18, United

4    States Code, Sections 287 and 2.

5                          <u>COUNT SEVEN</u>

6                  [18 U.S.C. § 1001 - False Statement,

7                          Irrigation Year 2004]

8        The Grand Jury further charges that, beginning at a time unknown

9    to the Grand Jury, but not later than November 15, 2004, and

10   continuing until on or about April 4, 2005, in the State and District

11   of Nevada, in a matter within the jurisdiction of the United States

12   Bureau of Reclamation ("BOR"), an agency of the United States,

13                        DAVID OVERVOLD,
                          LYMAN McCONNELL,
14                        SHELBY CECIL, and
               TRUCKEE CARSON IRRIGATION DISTRICT,
15                        a/k/a "TCID,"

16   defendants herein, the last of which was an entity whose employees

17   were acting within the scope of their employment and for the benefit

18   of their employer, did knowingly and willfully make and use and

19   caused to be made and used a materially false writing and document by

20   presenting to BOR records as to TCID's delivery of Project water for

21   irrigation year 2004 for calculation and issuance of incentive

22   credits pursuant to the Operating Criteria and Procedures ("OCAP"),

23   knowing the delivery records to be false; that is, these records were

24   inflated to provide TCID incentive credits in the amount of

25   approximately 8,300 acre-feet of water from BOR, in violation of

26   Title 18, United States Code, Sections 1001 and 2.

27   / / /

28   / / /

                                  18

COUNT EIGHT

[18 U.S.C. § 1519 - Falsification of Records,
Irrigation Year 2005]

The Grand Jury further charges that, beginning at a time unknown
to the Grand Jury, but not later than November 15, 2005, and
continuing until on or about May 15, 2006, in the State and District
of Nevada,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL,
JOHN BAKER, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

defendants herein, the last of which was an entity whose employees
were acting within the scope of their employment and for the benefit
of their employer, did knowingly alter, conceal, cover up, falsify,
and make a false entry in any record, document, and tangible object,
namely TCID's Project water delivery records for irrigation year 2005
it submitted to the United States Bureau of Reclamation ("BOR") for
calculation and issuance of incentive credits pursuant to the
Operating Criteria and Procedures ("OCAP"), with the intent to
impede, obstruct, and influence the proper administration of a matter
within the jurisdiction of a department or agency of the United
States, and in contemplation of such matter, namely BOR's
determination and issuance under the OCAP of incentive credits in the
amount of approximately 5,300 acre-feet of water to TCID, in
violation of Title 18, United States Code, Sections 1519 and 2.

COUNT NINE

[18 U.S.C. § 287 - False Claim,
Irrigation Year 2005]

19

1    The Grand Jury further charges that, beginning at a time unknown
2    to the Grand Jury, but not later than November 15, 2005, and
3    continuing until on or about May 15, 2006, in the State and District
4    of Nevada,

5                            DAVID OVERVOLD,
                            LYMAN McCONNELL,
6                            SHELBY CECIL,
                            JOHN BAKER, and
7               TRUCKEE CARSON IRRIGATION DISTRICT,
                            a/k/a "TCID,"
8

9    defendants herein, the last of which was an entity whose employees
10   were acting within the scope of their employment and for the benefit
11   of their employer, did knowingly present to the United States Bureau
12   of Reclamation ("BOR") a claim upon BOR; that is, a claim that TCID's
13   delivery of Project water for irrigation year 2005 called for the
14   issuance of incentive credits by BOR pursuant to the Operating
15   Criteria and Procedures ("OCAP"), knowing that the claim was false in
16   that TCID's figures submitted to BOR as to TCID's delivery of Project
17   water in irrigation year 2005 were materially inflated to provide
18   TCID incentive credits under the OCAP in the amount of approximately
19   5,300 acre-feet of water from BOR, in violation of Title 18, United
20   States Code, Sections 287 and 2.

21                            COUNT TEN

22                   [18 U.S.C. § 1001 - False Statement,
                            Irrigation Year 2005]
23

24   The Grand Jury further charges that, beginning at a time unknown
25   to the Grand Jury, but not later than November 15, 2005, and
26   continuing until on or about May 15, 2006, in the State and District
27   of Nevada, amount of water for irrigation year 2005 for calculation
28   and in a matter within the jurisdiction of the United States Bureau

                                   20

of Reclamation ("BOR"), an agency of the United States,

DAVID OVERVOLD,
LYMAN McCONNELL,
SHELBY CECIL,
JOHN BAKER, and
TRUCKEE CARSON IRRIGATION DISTRICT,
a/k/a "TCID,"

defendants herein; the last of which was an entity whose employees were acting within the scope of their employment and for the benefit of their employer, did knowingly and willfully make and use and caused to be made and used a materially false writing and document by presenting to BOR records as to TCID's delivery of Project water for irrigation year 2005 for calculation and issuance of incentive credits pursuant to the Operating Criteria and Procedures ("OCAP"), knowing the delivery records to be false; that is, these records were inflated to provide TCID incentive credits in the amount of approximately 5,300 acre-feet of water from BOR, in violation of Title 18, United States Code, Sections 1001 and 2.

DATED: this _3_ day of December, 2008.

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

MCGREGOR W. SCOTT
United States Attorney
Eastern District of California

By: JAMES E. KELLER
Assistant United States Attorney

21
