```
┌─────────────────────────────────────────────┐
│  X  FILED              RECEIVED              │
│  ___ ENTERED          SERVED ON             │
│              COUNSEL/PARTIES OF RECORD       │
│                                              │
│        ┌──────────────────────┐             │
│        │     OCT 22 2010       │             │
│        └──────────────────────┘             │
│                                              │
│        CLERK US DISTRICT COURT               │
│         DISTRICT OF NEVADA                   │
│  BY:_____  DEPUTY          │
└─────────────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALICIA UHOUSE, et al.                    Case No. 3:08-cv-0285-LDG-RAM

          Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF THE
INTERIOR, BUREAU OF RECLAMATION;
et al.

          Defendants.

_____/

JUDY KROSHUS, et al.                     Case No. 3:08-cv-0246-LDG-RAM

         Plaintiffs,        **ORDER GRANTING CLASS
                                         CERTIFICATION AND
vs.                                      APPOINTING CLASS COUNSEL**

UNITED STATES OF AMERICA; et al.

         Defendants.

_____/

      The plaintiffs in *Kroshus, et al. v. United States, et al.*, 3:08-cv-0246-LDG-RAM (#132)

and *Uhouse, et al. v. Bureau of Reclamation, et al.*, 3:08-cv-0285-LDG-RAM (#50) have asked

this court to certify the actions as class actions and to appoint their attorneys as class counsel

pursuant to FRCP 23. The *Kroshus* plaintiffs allege violations of the Administrative Procedure

Act (hereinafter the "APA") against the United States of America, Department of the Interior

through its Bureau of Reclamation, Mid-pacific Region, Carson City Office, Dirk Kempthorne,

Secretary of the Interior, and Elizabeth Rieke, Director of the Carson City Office of the Bureau of

Reclamation (hereinafter "*Kroshus* Federal Defendants") and assert injunctive and declaratory

relief against the *Kroshus* Federal Defendants, declaratory relief and negligence claims against

Truckee-Carson Irrigation District, David P. Overvold, Gary Stone, Truckee River Federal Water

1

1   Master (hereinafter "*Kroshus* Irrigation District-related defendants"), violation of constitutional

2   rights and negligence claims against City of Fernley and Lyon County, and negligence and failure

3   to disclose claims against developers and realtors, based upon the January 5, 2008 Truckee Canal

4   embankment failure in Fernley, Nevada. The *Uhouse* Plaintiffs allege violations of the APA

5   against the United States Department of the Interior, Bureau of Reclamation and Dirk

6   Kempthorne, in his official capacity as Secretary of the Interior (hereinafter "*Uhouse* Federal

7   Defendants") and assert injunctive and declaratory relief against the *Uhouse* Federal Defendants

8   and declaratory relief and negligence claims against the Board of Directors of Truckee-Carson

9   Irrigation District, Truckee-Carson Irrigation District, and David P. Overvold, in his official

10   capacity as Project Manager of the Truckee-Carson Irrigation District (hereinafter "*Uhouse*

11   Irrigation District-related defendants"), on behalf of persons who suffered damages and injuries

12   as a result of a flood in Fernley, Nevada, on January 5, 2008, caused by the overflowing and

13   breach of the Truckee Canal.

14        In the *Kroshus* action, Defendants Re/Max Realty, Judy Ashton, C.A.L. Investment

15   Properties, Cal Eilrich, Dinah Eilrich, LL Realty, the *Kroshus* Federal Defendants, the *Kroshus*

16   Irrigation District-related defendants, Lyon County, City of Fernley, Keystone Realty, and King

17   Construction, Inc. opposed class certification.

18        In the *Uhouse* action, the *Uhouse* Federal Defendants and *Uhouse* Irrigation District-

19   related defendants opposed class certification.

20        This court having reviewed the pleadings and exhibits thereto, considered the arguments

21   of the parties made at the hearing on September 16, 2009 and, having taken the matter under

22   advisement, makes the following findings of fact and conclusions of law.

23                **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

24        This action arises out of the January 5, 2008, Truckee Canal Embankment failure and the

25   resulting flood that occurred in Fernley, Nevada.

26        The *Uhouse* and *Kroshus* plaintiffs seek an order certifying a class.

27        Fed. R. Civ. Pro. 23(c)(1)(A) provides that "the court must determine by order whether to

28   certify the action as a class action" "[a]t an early practicable time after a person sues or is sued as

1    a class representative." The court must determine only whether the *Uhouse* and *Kroshus*

2    plaintiffs' allegations and proffered evidence satisfy each prerequisite of Fed. R. Civ. Pro. 23.

3            The specific requirements of a class action as set forth in Fed. R. Civ. Pro., Rule 23(a)

4    are:

5            (a) Prerequisites. One or more members of a class may sue or be sued as
             representative parties on behalf of all members only if:
6            (1) the class is so numerous that joinder of all members is impracticable;
             (2) there are questions of law or fact common to the class;
7            (3) the claims or defenses of the representative parties are typical of the
             claims or defenses of the class; and
8            (4) the representative parties will fairly and adequately protect the interests of
             the class.
9
             The requirement of Fed. R. Civ. Pro., Rule 23(b) for which plaintiffs argue this action
10
     qualifies is:
11
             (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is
12           satisfied and if:
                 . . .
13           (3) the court finds that the questions of law or fact common to class members
             predominate over any questions affecting only individual members, and that a
14           class action is superior to other available methods for fairly and efficiently
             adjudicating the controversy. . . .
15
             As indicated, all of the prerequisites in Fed. R. Civ. Pro. 23(a) must be found and only
16
     one of prerequisites in Fed. R. Civ. Pro., Rule 23(b) must be found. The plaintiffs argue that this
17
     case meets all the prerequisites of Fed. R. Civ. Pro., Rule 23(a) and the prerequisite of Fed. R.
18
     Civ. Pro., Rule 23(b)(3). The defendants disagree.
19
             Before addressing the prerequisites of class certification, the court will address the
20
     *Uhouse* Plaintiffs allegations of violations of the APA, injunctive relief and declaratory relief
21
     against the *Uhouse* Federal Defendants and the *Kroshus* plaintiffs allegations of violations of the
22
     APA against the *Kroshus* Federal Defendants. At the September 16, 2009 hearing, the *Kroshus*
23
     and *Uhouse* Plaintiffs addressed the necessity of a class action to assert their respective claims
24
     against the Federal Defendants. At the hearing *Kroshus* Plaintiffs conceded a class could not be
25
     certified against the Federal Defendants. (Transcript of September 16, 2009, Hearing, *Kroshus*
26
     DOC 405, *Uhouse* DOC 178 at 88:4-88:13). Similarly, *Uhouse* Plaintiffs stated that the named
27
     plaintiffs were sufficient to assert the APA claims against the Federal Defendants. (*Id.* at 96:14-
28

                                                      3

1   96:19). Accordingly, the court denies Plaintiffs' motion for class certification against the Federal

2   Defendants.

3          The court now turns its attention to whether Plaintiffs have met their "burden of

4   demonstrating that the requirements of Rules 23(a) and (b) are met" as to the remaining

5   Defendants. *United Steel v. ConocoPhillips Company*, supra at *4 citing *Zinser v. Accufix

6   Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

7   **Fed. R. Civ. Pro., Rule 23(a)(1) — Numerosity**

8          In order to meet the first element of Fed. R. Civ. Pro. 23(a), the purported class must be

9   so  numerous that joinder is impractical.  "[I]mpracticability does not mean impossibility, but

10  only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs

11  Alpine Est., Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964), citing *Advert. Specialty Nat. Assn. v.

12  FTC,* 238 F.2d 108, 119 (1st Cir. 1956); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.

13  1993).

14         In moving papers and at the September 16, 2009, hearing, Defendants Re/Max Realty,

15  Judy Ashton, C.A.L. Investment Properties, Cal Eilrich, Dinah Eilrich, LL Realty, Keystone

16  Realty, and King Construction, Inc. asserted the numerosity prong could not be met against them.

17  For instance, LL Realty stated that it was involved in the sale of six to eight houses. (Transcript

18  of September 16, 2009, Hearing, *Kroshus* DOC 405, *Uhouse* DOC 178 at 78:8-78:10).

19  Similarly, Re/Max Realty and Judy Ashton stated they were only involved in one transaction.

20  (*Id.* at 80:14-80-18). In response, the *Kroshus* Plaintiffs responded that they would stipulate that,

21  because the numerosity prong might not be met, a class action against Defendants Re/Max

22  Realty, Judy Ashton, C.A.L. Investment Properties, Cal Eilrich, Dinah Eilrich, LL Realty,

23  Keystone Realty, and King Construction, Inc. could not be certified. (*Id.* at 93:22-94:3).

24  Accordingly, the court denies the *Kroshus* Plaintiffs' motion for class certification against

25  Defendants Re/Max Realty, Judy Ashton, C.A.L. Investment Properties, Cal Eilrich, Dinah

26  Eilrich, LL Realty, Keystone Realty, and King Construction, Inc.

27         The court's analysis then turns to whether class certification for Plaintiff claims against

28  the Irrigation District-related defendants, Lyon County, and the City of Fernley is appropriate.

1    Generally, courts will find the numerosity prong has been met when there are at least 40

2    class members. *Monaco v. Stone*, 87 F.R.D. 50 (E.D.N.Y. 1999). Classes with fewer known

3    class members as exist here have been certified. See *Horn v. Associated Wholesale Grocers, Inc.,*

4    555 F.2d 270, 275 (10th Cir. 1977) (41-46 class members); *Cross v. National Trust Life Ins. Co.,*

5    553 F.2d 1026 (6th Cir. 1977) (7 class members); *Afro American Patrolmen's League v. Duck,*

6    503 F.2d 294, 298 (6th Cir. 1974) (35 class members); *Jack v. American Linen Supply Co.,* 498

7    F.2d 122, 124 (5thCir. 1974) 51 class members); *Arkansas Education Ass'n v. Board of*

8    *Education,* 446 F.2d 763, 765 (8th Cir. 1971) (20 class members); and *Cypress v. Newport News*

9    *Hospital Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (18 class members).  Generally, numbers in

10   excess of 100, sustain the numerosity requirement under FRCP 23(a)(1).  Newberg, Class

11   Actions § 3.05 at 3-25; see also 3B Moore's Federal Practice P 23.05[1] at 23-143-45 (2d ed.

12   1995).

13   The City of Fernley, in what it named "Map of Estimated Effected [SIC] Area Updated:

14   1-11-2008," found over five hundred homes were affected by the January 5, 2008, flood.  (Map

15   of Estimated Effected Area Updated: 1-11-2008, attached hereto as Exhibit "1.").  The court

16   finds it is not practicable to have over 500 separate cases or even joinder of that many in one

17   case.  It is doubtful that all, or even a significant number of, the proposed class members in these

18   neighborhoods, would have the financial resources to institute suits and hire the engineers and

19   other scientific experts who would be needed to prove liability.  And of course the court could be

20   inundated if a large number of the proposed class members were to sue individually. The class

21   action would further judicial economy since a multiplicity of actions would be avoided.

22   Joinder of all members in one suit or filing of individual suits is impracticable in this

23   case.  Accordingly, Plaintiffs have demonstrated the numerosity prerequisite against the

24   Irrigation District-related defendants, Lyon County, and City of Fernley is met.

25   **Fed. R. Civ. Pro., Rule 23(a)(2) — Commonality**

26   Fed. R. Civ. Pro. 23(a)(2) requires "questions of law or fact common to the class."

27   All questions of law and fact need not be common. *Hanlon v. Chrysler Corp.,* 150 F.3d

28   1011, 1019 (9th Cir. 1998).  Rather, "[t]he existence of shared legal issues with divergent factual

5

1   predicates is sufficient, as is a common core of salient facts coupled with disparate legal

2   remedies within the class." *Id.*; *see also Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008);

3   *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003); and, *Bafus v. Aspen Realty, Inc.*,

4   236 F.R.D. 652, 656 (D. Idaho 2006).

5         The Ninth Circuit construes the commonality prerequisite permissibly. *Hanlon*, supra.,

6   150 F.3d at1019. In *Staton*, supra. 329 F.3d at 953, the court said:

7         All questions of fact and law need not be common to satisfy the rule. The
          existence of shared legal issues with divergent factual predicates is sufficient, as
8         is a common core of salient facts coupled with disparate legal remedies within the
          class.
9
          In this case, the determination of whether the actions or inactions of the Irrigation
10
    District-related defendants were contrary to law and caused and/or exacerbated Plaintiffs'
11
    injuries is the key issue of liability and that satisfies the issues of commonality.  Similarly, the
12
    determination of whether the actions or inactions of Lyon County and the City of Fernley were
13
    contrary to law and caused and/or exacerbated Plaintiffs' injuries is the key issue of liability and
14
    that satisfies the issues of commonality. The action against the Irrigation District-related
15
    defendants, the action against  Lyon County, and the action against the City of Fernley all arise
16
    out of the January 5, 2008, Truckee Canal Embankment failure and the resulting flood that
17
    occurred in Fernley, Nevada.  Accordingly, Plaintiffs have demonstrated the commonality
18
    prerequisite against the Irrigation District-related defendants, Lyon County, and City of Fernley is
19
    met.
20
    **Fed. R. Civ. Pro., Rule 23(a)(3) — Typicality**
21
          Fed. R. Civ. Pro., Rule 23(a)(3) requires that the claims of the representative plaintiffs be
22
    typical of those of the class.  The claims or defenses must be typical of the claims or defenses of
23
    the class.  The foremost consideration is that there is an absence of an adverse interest between
24
    the representative parties and other members of the class. *Tidwell v. Schweiker*, 677 F.2d 560,
25
    566 (7th Cir. 1982), *cert. denied*, 461 U.S. 905 (1983); *Blake v. Arnett*, 663 F.2d 906, 913 (9th
26
    Cir. 1981).  The issue of liability is the focus of the litigation here and is the same for all
27
    members.  Each class member's claim arises from the same course of conduct by the Irrigation
28

                                              6

1    District-related defendants and each class member has the same legal arguments to prove the

2    Irrigation District-related defendants' responsibility for the harmed caused.  Similarly, each class

3    member's claim arises from the same course of conduct by Lyon County and the City of Fernley

4    and each class member has the same legal arguments to prove Lyon County and City of Fernley

5    is/are responsible for the harmed caused. The legal arguments against the Irrigation District-

6    related defendants, the legal arguments against Lyon County, and the legal arguments against the

7    City of Fernley all arise out of the January 5, 2008, Truckee Canal Embankment failure and the

8    resulting flood that occurred in Fernley, Nevada.

9         "Although some inquiry into the substance of a case may be necessary to ascertain

10   satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to

11   advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d

12   938, 954 (9th Cir. 2003), quoting *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir.

13   1983).

14        "Typicality 'does not mean that the claims of the class representative[s] must be identical

15   or substantially identical to those of the absent class members.'" *Staton*, supra., 327 F.3d at 957

16   (citations omitted); *see also Parra*, supra. 536 F.3d at 979 (finding that if the cause of the

17   damage is the same than that is enough for class certification.)  The court finds the typicality

18   requirement is met in this case as to the Irrigation District-related defendants, Lyon County, and

19   City of Fernley.

20   **Fed. R. Civ. Pro., Rule 23(a)(4) — Adequacy**

21        The representative plaintiffs must be able to fairly and adequately protect the interests of

22   all class members.  To determine whether the representation meets this standard, we ask two

23   questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with

24   other class members, and (2) will the representative plaintiffs and their counsel prosecute this

25   action vigorously on behalf of the class? *Staton v. Boeing Co.* at 957.  There has been no

26   evidence of conflicts of interest by either proposed class representatives or counsel.  There has

27   been no evidence the representative plaintiffs and their counsel will not prosecute this action

28   vigorously on behalf of the class.  To the contrary, the court finds the representative plaintiffs and

7

1    their counsel have undertaken to adequately represent all putative class members who were

2    affected by the flood, regardless of the individual types of damages.

3         In *Staton v. Boeing* at 957, the objectors complained that every job category did not have

4    its own representative. Although the challenge was made on the basis of typicality, the court's

5    response is instructive. It said, "In *Hanlon*, we stated that "[u]nder the rule's permissive

6    standards, representative claims are 'typical' if they are reasonably coextensive with those of

7    absent class members; they need not be substantially identical." (citations omitted). The claims of

8    the families and children who experienced the flood are reasonably coextensive with the class

9    representatives who also experienced the flood.

10        This court finds, based on their experience and credentials, that the counsel of the

11   proposed class representatives have the character, ability and resources to adequately represent

12   the putative class.  The court also finds the adequacy requirement is met in this case against the

13   Irrigation District-related defendants, Lyon County, and City of Fernley.

14   **Fed. R. Civ. Pro., Rule 23(b)(3) – Predominance and Superiority**

15        Plaintiffs are petitioning for class certification under Fed. R. Civ. Pro., Rule 23(b)(3) in

16   which the court must find that the questions of law and fact common to the members of the class

17   predominate over any questions only affecting individual members and that a class action is

18   superior to other methods of adjudication. The Rule states that the matters pertinent to these

19   findings include:

20        (A) the class members' interests in individually controlling the prosecution or
         defense of separate actions;
21        (B) the extent and nature of any litigation concerning the controversy already
         begun by or against class members;
22        (C) the desirability or undesirability of concentrating the litigation of the claims
         in the particular forum; and
23        (D) the likely difficulties in managing a class action.

24        The consideration cited under (A) is whether members of the class are interested in

25   controlling the litigation individually.  In this case, there is no evidence that any class members

26   desire to have exclusive control of their case.  In any case, individual control by each of the large

27   number of prospective plaintiffs would not be practicable or manageable.

28        Under (B) the court is to consider the nature and extent of other litigation commenced by

8

1  class members. There has been other litigation in both state and federal court. The *Uhouse*

2  plaintiffs' attorneys have filed four (4) other actions in state court: (1) a case against Truckee

3  Carson Irrigation District (hereinafter TCID) that has already been certified as a class action, (2)

4  a putative class action against the City of Fernley and Lyon County, (3) a putative class action

5  against persons and companies involved in the construction and development of the Rolling

6  Meadows subdivision in Fernley that was affected by the flood, and (4) a putative class action

7  against persons and companies involved in the construction and development of the Wrangler

8  Road "knuckle." The *Uhouse* Plaintiffs' attorneys have also filed two actions in United States

9  District Court against the United States Bureau of Reclamation under the Federal Tort Claims

10  Act - *Moore, et al. v. United States of America*, 3:09-cv-00167-LDG-RAM and *Adgett, et al. v.*

11  *United States of America*, 3:09-cv-00649-LDG-RAM.  The case of *Moore, et al. v. United States*

12  *of America*, 3:09-cv-00167-LDG-RAM is filed as prospective class action. This order does not

13  address class certification against the federal defendants for claims made under the Federal Tort

14  Claims Act.  The issue of class certification in *Moore*, if raised, will be addressed in a separate

15  order at the appropriate time.  Similarly, the *Kroshus* plaintiffs' attorneys have filed three (3)

16  other actions in the United States District Court: (1) *Kroshus, et al. v. United States, et al.*, 3:09-

17  cv-00713-LDG-RAM; (2) *Adamson, et al. v. United States*, 3:08-cv-00621-LDG-RAM and (3)

18  *Adamson, et al. v. United States*, 3:09-cv-00715-LDG-RAM.

19         Related to the consideration of other actions is the desirability of concentrating this

20  litigation in this forum. Fed. R. Civ. Pro., Rule 23(b)(3)(C). The Irrigation District-related

21  defendants, Lyon County, and City of Fernley should not be subject to multiple actions on the

22  same issue.  At this point there is no reason why the issue of Irrigation District-related

23  defendants', Lyon County's, and City of Fernley's liability should not be determined in this

24  forum.  Since this case involves a discrete event and readily identifiable class members,

25  management of this class action is not a significant problem.  Most of the proposed class is still

26  located in the county and the identification of those who are not should not be insurmountable so

27  that virtually all the class members will receive notice.  The discovery can, for the most part, be

28  conducted locally where all counsel are readily available.

9

1    Under (D) the court must consider the likely difficulties in managing a class action. This

2  court must consider whether a class action is superior to other available methods for a fair and

3  efficient adjudication of this controversy. As briefly discussed above there are currently seven

4  (7) cases filed in the United States District Court District of Nevada concerning the January 5,

5  2008, flood: (1) *Kroshus, et al., v. United States, et al.*, 3:08-cv-0246; (2) *Kroshus, et al. vs.*

6  *United States*, 3:09-cv-00713; (3) *Uhouse, et al., v. Bureau of Reclamation*, 3:08-cv-0285; (4)

7  *Moore, et al. vs. United States*, 3:09-cv-00167; (5) *Adgett, et al. vs. United States*, 3:09-cv-

8  00649; (6) *Adamson, et al. vs. United States*, 3:08-cv-00621; and (7) *Adamson, et al. vs. United*

9  *States*, 3:09-cv-00715. Certifying a class action would limit the procedural issues confronting

10  the court. No matter what other method of adjudication is considered, whether it be multiple

11  court actions, joinder in one court action or arbitration or mediation, we are still faced with the

12  large number of potential litigants. Especially considering the alleged financial devastation that

13  some of the putative class members experienced by the flood, a class action is superior to other

14  methods for the fair and efficient adjudication of this case.

15    If the common questions "present a significant aspect of the case and they can be resolved

16  for all members of the class in a single adjudication, there is clear justification for handling the

17  dispute on a representative rather than on an individual basis." *Hanlon, supra*, 150 F.3d at 1022

18  (internal quotation omitted). Implicit in the satisfaction of the predominance test is the notion

19  that the adjudication of common issues will help achieve judicial economy. *Valentino v. Carter-*

20  *Wallace, Inc.*, supra, 97 F.3d at1234, citing 1 Herbert B. Newberg & Alba Conte, *Newberg on*

21  *Class Actions*, §§ 4.25 at 4-86 (3d ed. 1992).

22    In *Parra v. Bashas', Inc.*, 536 F.3d 975, 979, (2008), the Ninth Circuit Court stated:

23    Bashas', Inc. argued that the difficulty in redressing the harm and calculating the
      various pay disparities for the different employment positions precludes class

24    certification. We disagree. We have previously held that classes with far more
      complex remedies can seek redress in the form of a class action. See e.g. *Staton*,

25    327 F.3d at 953-57. The claimed difficulties in the calculation of damages, as they
      affected the various class members, do not preclude class certification.

26

27    The overriding and predominant issue in this case is the issue of liability. Considering

28  the purposes of class action certification, it is even more important that class action be allowed in

10

1    this case. In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997), the United States

2    Supreme Court stated:

3            While the text of Rule 23(b)(3) does not exclude from certification cases in which
             individual damages run high, the Advisory Committee had dominantly in mind
4            vindication of "the rights of groups of people who individually would be without
             effective strength to bring their opponents into court at all." As concisely recalled
5            in a recent Seventh Circuit opinion:

6            "The policy at the core of the class action mechanism is to overcome the problem
             that small recoveries do not provide the incentive for any individual to bring a
7            solo action prosecuting his or her rights. A class action solves this problem by
             aggregating the relatively paltry potential recoveries into something worth
8            someone's (usually an attorney's) labor." (citations omitted)

9            A class action in this case is superior to other methods of adjudication.  The comment to

10   the Fed. R. Civ. Pro., Rule 23 states:

11           [A] (b)(3) action encompasses those cases in which a class action would achieve
             economies of time, effort, and expense, and promote uniformity of decisions as
12           to persons similarly situated, without sacrificing procedural fairness or bringing
             about undesirable results.

13           The court finds a class action in this case would accomplish those results, as well as

14

15   obtaining relief for those class members who might individually be unable or unwilling to litigate

16   an action for financial or other reasons.  As explained by the court in *Northwestern Fruit Co. v.*

17   *A. Levy & J. Zentner Co.*, 116 F.R.D. 330, 389 (E.D. Cal. 1986), "[m]ultiple lawsuits ... would be

18   costly and inefficient, and the exclusion of every class member that cannot afford separate

19   representation would be neither 'fair' nor an 'adjudication' of their claims."

20           Accordingly, the court orders a class be certified against the Irrigation District-related

21   defendants, Lyon County, and the City of Fernley.

22   **Fed. R. Civ. Pro., Rule 23(c)(1)(B) – Class Definition**

23           As stated previously the City of Fernley produced a map entitled "Map of Estimated

24   Effected [SIC] Area Updated: 1-11-2008."  Said map identified over five hundred homes

25   affected by the January 5, 2008, flood.  The class is geographically defined by the City of Fernley

26   map.  (Exhibit 1).  Accordingly, the class shall be:

27           Owners and renters, including their families, of residential real property within
             the area identified by the City of Fernley on January 11, 2008, as being affected
28           by the collapse of a segment of the Truckee Canal Embankment in the early
             morning of January 5, 2008.

A subclass, pursuant to Fed. R. Civ. Pro., Rule 23(c)(5), shall be:

Renters, including their families, of residential real property within the area identified by the City of Fernley on January 11, 2008, as being affected by the collapse of a segment of the Truckee Canal Embankment in the early morning of January 5, 2008.

**Fed. R. Civ. Pro., Rule 23(c)(1)(C) – Class Claims and Issues**

The above-defined class action is on the issue of the liability of the Irrigation District-related defendants, Lyon County, and City of Fernley. The class claims against the Irrigation District-related defendants are: (1) Negligence and Gross Negligence - Failure to Maintain or Monitor; (2) Negligence and Gross Negligence - Failure to Remedy or Prevent Harm; (3) Nuisance; and, (4) Trespass; (5) Injunction and Mandate; (6) Violation of Due Process; and, (7) Negligence. The class claims against the City of Fernley are: (1) Injunction and Mandate; (2) Violation of Due Process; and, (3) Negligence. The class claims against the County of Lyon are: (1) Injunction and Mandate; (2) Violation of Due Process; and, (3) Negligence.

**Fed. R. Civ. Pro., Rule 23(g) – Appointment of Class Counsel**

Pursuant to Fed. R. Civ. Pro., Rule 23(g), when a court certifies a class the court must appoint class counsel. Fed. R. Civ. Pro., Rule 23(g)(1)(A) provides in appointing class counsel the court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class;

All of the above considerations establish that class counsel proposed by the parties are appropriate class counsel. The court hereby appoints Robert C. Maddox, Esq. and Nancy H. Jasculca, Esq. of the law firm Robert C. Maddox & Associates; Vernon E. Leverty, Esq., Patrick R. Leverty, Esq. and William R. Ginn, Esq. of the law firm Leverty & Associates Law, Chtd., Calvin R.X. Dunlap, Esq. and Monique Laxalt, Esq. of the law firm Dunlap & Laxalt, Robert R. Hager, Esq. and Treva Hearne, Esq. of the law firm Hager & Hearne and Lee Hotchkin, Esq. of the Law Offices of Lee T. Hotchkin class counsel. The appointed class counsel will fairly and

1    adequately represent the interest of the class.

2                                    **CONCLUSION**

3         It is hereby ORDERED:

4         1.       This action is certified as a class action the Irrigation District-related defendants,

5    Lyon County, and the City of Fernley.

6         2.       The class shall be:

7              Owners and renters, including their families, of residential real property within the
               area identified by the City of Fernley on January 11, 2008, as being affected by the
8              collapse of a segment of the Truckee Canal Embankment in the early morning of
               January 5, 2008.
9
          3.       A subclass, pursuant to Fed. R. Civ. Pro., Rule 23(c)(5), shall be:
10
               Renters, including their families, of residential real property within the area
11             identified by the City of Fernley on January 11, 2008, as being affected by the
               collapse of a segment of the Truckee Canal Embankment in the early morning of
12             January 5, 2008.

13        4.       Counsel for the class shall be:

14   Robert C. Maddox, Esq.                         Calvin R. X. Dunlap, Esq.
     Nancy H. Jasculca, Esq.                        Monique Laxalt, Esq.
15   ROBERT C. MADDOX & ASSOCIATES                  DUNLAP & LAXALT

16   Vernon E. Leverty, Esq.                        Robert R. Hager, Esq
     Patrick R. Leverty, Esq.                       Treva Hearne, Esq.
17   William R. Ginn, Esq.                          HAGER & HEARNE
     LEVERTY & ASSOCIATES LAW, CHTD.
18
     Lee Hotchkin, Esq.
19   THE LAW OFFICES OF LEE T. HOTCHKIN

20        5.       The Plaintiffs in shall provide notice of the class action to putative class members

21   pursuant to the approved notice attached hereto as Exhibit "2."

22        6.       Service of said notice to each member of the class shall be sent via first class mail

23   to the current mailing address of the class member, to the extent possible, and addressed to the

24   class member and class member's family.  Class counsel shall show proof of mailing to each

25   address by purchasing a certificate of mailing for each mailed notice.  Class counsel shall account

26   for the certificates of mailing in a mailing book to be kept by class counsel for the duration of

27   this action.  The cost of providing the notice shall be borne by class counsel.  Service of said

28   notice shall be completed, to the extent possible, on or before November 1, 2010.

                                              13

7.   Requests to opt-out must be mailed to Robert C. Maddox, Esq., Robert C. Maddox and Associates, 10587 Double R Blvd Suite 100, Reno, Nevada 89521 and postmarked no later than December 3, 2010.

Dated this ____ day of _____, 2010.

_____
United States District Judge

14

# Exhibit 1

# Exhibit 1



# Exhibit 2

# Exhibit 2

```
U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILE ⟍   AFTER HOURS

    OCT 2 2 2010

CLERK, U.S. DISTRICT COURT
   DISTRICT OF NEVADA
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA UHOUSE, et al., | Case No. 3:08-cv-0285-LDG-RAM |
| Plaintiffs, | |
| vs. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF RECLAMATION, et al., | |
| Defendants. | |
| JUDY KROSHUS, et al. | Case No. 3:08-cv-0246-LDG-RAM |
| Plaintiffs, | **NOTICE OF PENDENCY OF CLASS ACTION** |
| vs. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

**Notice: A federal court has entered an order granting class certification in a lawsuit known as _Uhouse, et al. v. Bureau of Reclamation, et al._, 3:08-cv-0285-LDG-RAM, and _Kroshus, et al. v. United States, et al._, 3:08-cv-0246-LDG-RAM. You may have already received notices from the Nevada state court that lawsuits filed in the Third Judicial District Court against Truckee-Carson Irrigation District and its Board of Directors ("TCID"), _Reynolds, et al., v. TCID, et al._, Case Number CI 18948, and the City of Fernley and Lyon County, _Reynolds, et al., v. City of Fernley, et al._, Case Number CI 19002, have been certified as class actions. This Notice explains the nature of the litigation pending in the federal court.**

**To:   Owners and renters, including their families, of residential real property within the area identified by the City of Fernley on January 11, 2008, as being affected by the collapse of a segment of the Truckee Canal Embankment in the early morning of January 5, 2008, a class action lawsuit may affect your rights:**

- 1 -

**(If you were an owner of residential real property affected by the collapse of the Truckee Canal embankment on January 5, 2008 and rented your property to a renter in January 2008, please provide a copy of this Notice to your renter at the time.)**

*THIS NOTICE HAS BEEN APPROVED BY THE UNITED STATES DISTRICT COURT. THIS IS NOT A SOLICITATION FROM AN ATTORNEY.*

- Owners and renters of residential real property situated in the City of Fernley, County of Lyon in January 2008 have sued Truckee-Carson Irrigation District, Board of Directors of Truckee-Carson Irrigation District, David P. Overvold, City of Fernley, and Lyon County (hereinafter "Defendants") for damages they sustained as a result of the failure of the Truckee Canal embankment on January 5, 2008.

- The Court has allowed the lawsuit to be a class action on behalf of all owners and renters of residential real property, including their family members, in the City of Fernley, County of Lyon, Nevada on January 5, 2008, who were affected by the collapse of the Truckee Canal embankment in the early morning of January 5, 2008.

- The Court has not decided whether Defendants have done anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue Defendants separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** If you ask to be excluded and money or benefits are later awarded, you will not share in those. But, you keep any rights to sue Defendants separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To be excluded, you must act before **December 3, 2010.**

- Attorneys must prove the claims against Defendants at a trial not yet scheduled. If money or benefits are obtained from Defendants, you will be notified about how to ask for a share.

- **Any questions? Read on.**

- 2 -

# WHAT THIS NOTICE CONTAINS

**A.   BASIC INFORMATION**

1. Why did I get this notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
2. What is this lawsuit about? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
3. What is a class action and who is involved? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
4. Why is this lawsuit a class action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**B.   THE CLAIMS IN THE LAWSUIT**

5. What does the lawsuit complain about? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
6. How did Defendants answer? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
7. Has the Court decided who is right? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
8. What are the Plaintiffs asking for? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
9. Is there any money available now? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**C.   WHO IS IN THE CLASS**

10. Am I part of this Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
11. I am still not sure if I am included. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**D.   YOUR RIGHTS AND OPTIONS**

12. What happens if I do nothing at all? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
13. Why would I ask to be excluded? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
14. How do I ask the Court to exclude me from the Class? . . . . . . . . . . . . . . . . . . . . 6

**E.   THE ATTORNEYS REPRESENTING YOU**

15. Do I have an attorney in this case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
16. Should I get my own attorney? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
17. How will the attorneys be paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**F.   THE TRIAL**

18. How and when will the Court decide who is right? . . . . . . . . . . . . . . . . . . . . . . . . 7

**G.   GETTING MORE INFORMATION**

19. Are more details available? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

More information about why the Court is allowing this lawsuit to be a class action is in the <u>Order Re: Class Certification and Appointment of Class Counsel</u>, which is available at www.fernleyflood.org.

## B.   THE CLAIMS IN THE LAWSUIT

**5.  What does the lawsuit complain about?**
In the lawsuit, the Plaintiffs say that Defendants' actions or inactions resulted in harm to owners and renters, including their families, of residential real property within the area identified by the City of Fernley on January 11, 2008, who were affected by the collapse of a segment of the Truckee Canal Embankment in the early morning of January 5, 2008.

**6.  How did Defendants answer?**
Defendants deny that they did anything wrong.

**7.  Has the Court decided who is right?**
The Court has not decided whether the Plaintiffs or Defendants are correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims at a trial which will be scheduled in the future.  (See "The Trial" below on page 7.)

**8.  What are the Plaintiffs asking for?**
The Plaintiffs are asking to be compensated for the losses they and other members of the Class sustained as a result of the failure of the Truckee Canal on January 5, 2008.

**9.  Is there any money available now?**
No money or benefits are available now because the Court has not yet decided whether Defendants have done anything wrong, and the two sides have not settled the case.  There is no guarantee that money or benefits will ever be obtained.  If they are, you will be notified about how to ask for a share.  It is possible that you may need to provide some proof of losses in order to recover money.  The total sum you might recover in this case and in other cases arising out of the January 5, 2008 flood cannot exceed the total damages you suffered as a result of the flood.

## C.   WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10.  Am I part of this Class?**
The Court decided that all owners and renters of residential real property, including family members of owners or renters, situated in the City of Fernley, County of Lyon, Nevada as of January 5, 2008, and who were affected by the collapse of the Truckee Canal embankment in the early morning of January 5, 2008 are part of the class.

**11.  I am still not sure I am included.**
If you are still not sure whether you are included, you can call or write to the lawyers in this case, listed in question 19.

-5-

## D.  YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before trial, and you have to decide this now.

**12. What happens if I do nothing at all?**
You do not have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit.  By doing nothing, you are staying in the Class.  If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). **Please keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Defendants, as part of any other lawsuit, about the same legal claims that are the subject of this lawsuit**.  This means that if you do nothing, you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**13. Why would I ask to be excluded?**
If you already have your own lawsuit against Defendants and want to continue with it, you may wish to be excluded from the Class.  **If you exclude yourself from the Class, which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class, you will not get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Defendants and the Plaintiffs.**  However, you may then be able to sue or continue to sue Defendants.  If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Defendants after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims.  If you do exclude yourself so you can start or continue your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

**14. How do I ask the Court to exclude me from the Class?**
To ask to be excluded, you must fill out, sign, and return the enclosed postcard, stating that you want to be excluded from *Uhouse, et al. v. Bureau of Reclamation, et al.*, 3:08-cv-0285-LDG-RAM, and *Kroshus, et al. v. United States, et al.*, 3:08-cv-0246-LDG-RAM, United States District Court for the District of Nevada, to Class Counsel Robert C. Maddox, Esq., Robert C. Maddox & Associates, 10587 Double R Blvd., Suite 100, Reno, Nevada 89521 (775-322-3666).  You must mail your Exclusion Request postmarked by **December 3, 2010.**

## E.  THE ATTORNEYS REPRESENTING YOU

**15. Do I have an attorney in this case?**
The Court decided that the law firms of Robert C. Maddox &Associates, Dunlap & Laxalt, Leverty & Associates Law, Chtd., Hager & Hearne, and the Law Office of Lee T. Hotchkin of Reno, Nevada are qualified to represent you and all Class Members.  Together the law firms are called "Class Counsel."  They are experienced in handling class action lawsuits.  More information about these law firms, their practices, and their attorneys' experience is available at www.fernleyflood.org.

-6-

**16. Should I get my own attorney?**
You do not need to hire your own attorney because Class Counsel is working on your behalf. But, if you want your own attorney, you will have to pay that attorney. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17. How will the attorneys be paid?**
If Class Counsel get money or benefits on behalf of the Class, they may ask the Court to be awarded fees and expenses. If the Court grants Class Counsels' request, the fees and expenses may be deducted from any money obtained for the Class or paid separately by Defendants.

## F.  THE TRIAL

The Court will schedule a trial to decide who is right in this case.

**18. How and when will the Court decide who is right?**
As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial has not yet been scheduled but once it is scheduled, it will take place at the Bruce R. Thompson United States Courthouse, 400 S. Virginia St., Reno, Nevada.  During the trial, a Jury will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

## G.  GETTING MORE INFORMATION

**19. Are more details available?**
You may speak to one of the attorneys by calling or writing to them:

| | | | | |
|---|---|---|---|---|
| Robert C. Maddox, Esq. Nancy H. Jasculca, Esq. **ROBERT C. MADDOX & ASSOCIATES** (775) 322-3666 | Calvin R. X. Dunlap, Esq. Monique Laxalt, Esq. **DUNLAP & LAXALT** (775) 323-7790 | Vernon E. Leverty, Esq. Patrick R. Leverty, Esq. William R. Ginn, Esq. **LEVERTY & ASSOCIATES LAW, CHTD.** (775) 322-6636 | Robert R. Hager, Esq. Treva Hearne, Esq. **HAGER & HEARNE** (775) 329-5800 | Lee Hotchkin, Esq. **THE LAW OFFICES OF LEE T. HOTCHKIN** (775) 786-5791 |

DATED this _22_ day of October, 2010.

Lloyd D. George
United States District Judge

Enclosure:
Exclusion Request

- 7 -