JOAN C. WRIGHT, ESQ.
Nevada State Bar No. 1042
CHRIS MacKENZIE, ESQ.
Nevada State Bar No. 5060
ALLISON, MacKENZIE,
PAVLAKIS, WRIGHT & FAGAN, LTD.
402 N. Division Street
P.O. Box 646
Carson City, NV 89702
Telephone: (775) 687-0202
Facsimile: (775) 882-7918
Email: jwright@allisonmackenzie.com
Email: cmackenzie@allisonmackenzie.com

Attorneys for Crisp Development, Inc.
and Berle G. Crisp

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

AUG 0 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

JUDY KROSHUS, et al.,

           Plaintiffs,

vs.

UNITED STATES OF AMERICA, et al.,

           Defendants.
_____/

Case No. 3:08-cv-246-LDG-RAM

**ORDER GRANTING
MOTION FOR DETERMINATION
OF GOOD FAITH SETTLEMENT**

ALICIA UHOUSE, et al.,

           Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

           Defendants.
_____/

Case No. 3:08-cv-0285-LDG-RAM

**ORDER GRANTING
MOTION FOR DETERMINATION
OF GOOD FAITH SETTLEMENT**

J:\JCW\D11CRSP05.ODR.WPD

1

| | | |
|---|---|---|
| 1 | BILL ADAMSON, et al., | Case No. 3:08-cv-0621-LDG-RAM |
| 2 | Plaintiffs, | **ORDER GRANTING** |
| 3 | vs. | **MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| 4 | UNITED STATES OF AMERICA, | |
| 5 | Defendant. | |
| 6 | _____/ | |
| 7 | LARRY J. MOORE, et al., | Case No. 3:09-cv-0167-LDG-RAM |
| 8 | Plaintiffs, | **ORDER GRANTING** |
| 9 | vs. | **MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| 10 | UNITED STATES OF AMERICA, | |
| 11 | Defendant. | |
| 12 | _____/ | |
| 12 | JAMES ADGETT, et al., | Case No. 3:09-cv-0649-LDG-RAM |
| 13 | Plaintiffs, | |
| 14 | vs. | **ORDER GRANTING** |
| 15 | UNITED STATES OF AMERICA, | **MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| 16 | Defendant. | |
| 17 | _____/ | |
| 18 | BILL ADAMSON, et al., | Case No. 3:09-cv-0715-LDG-RAM |
| 19 | Plaintiffs, | **ORDER GRANTING** |
| 20 | vs. | **MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| 21 | UNITED STATES OF AMERICA, | |
| 22 | Defendant. | |
| 23 | _____/ | |
| 23 | JAMES AMES, et al., | Case No. 3:10-cv-0463-LDG-RAM |
| 24 | Plaintiffs, | |
| 25 | vs. | **ORDER GRANTING** |
| 26 | UNITED STATES OF AMERICA, | **MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| 27 | Defendant. | |
| 28 | _____/ | |

# ORDER GRANTING
# MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

Based on Motion made by Specially Appearing Parties, CRISP DEVELOPMENT, INC. ("CDI") and BERLE G. CRISP, individually ("BERLE") (collectively "CRISP"), by and through their attorneys, ALLISON, MacKENZIE, PAVLAKIS, WRIGHT & FAGAN, LTD., upon the papers and pleadings on file in this matter, and the hearing held thereon, the Court now enters its findings of facts, conclusions of law and judgment as follows:

1. This case arises from a breach of the Truckee Canal in Lyon County, Nevada on January 5, 2008.

2. A Complaint for Damages was filed against numerous defendants.

3. Plaintiffs are owners of residential property situated in Fernley, Nevada.

4. A Complaint for Damages was also filed against BERLE on alter ego grounds.

5. Plaintiffs claim that they suffered damages resulting from the flood waters that came from the breach of the Truckee Canal on January 5, 2008.

6. Plaintiffs allege that the January 5, 2008 flood in Fernley was due to the inadequate maintenance and operation of the Canal, among other reasons. They further assert that the flood consequences were "exacerbated" by the City of Fernley and the County of Lyon because of "intentional indifference" to requiring the contractors and builders of the residential subdivision to construct infrastructure that would minimize the damage caused by flooding in the event the floodwaters entered the subdivision where Plaintiffs' homes were located.

7. Plaintiffs also assert that the flood consequences were exacerbated by the "errors and omissions" in constructing various elements, including Rolling Meadows subdivision improvements, houses, Jenny's Lane crossing and the "Knuckle" at Wrangler Road and Wagon Wheel, committed by the Defendants, as well as allegations of misrepresentations made on the sale of Rolling Meadows properties.

8. CRISP has sued TRUCKEE-CARSON IRRIGATION DISTRICT, the BOARD OF DIRECTORS OF TRUCKEE-CARSON IRRIGATION DISTRICT, STEVE

CAMPOY, individually and dba STEVE CAMPOY GENERAL CONTRACTING, GREATER NEVADA BUILDERS, the CITY OF FERNLEY, the COUNTY OF LYON, KING CONSTRUCTION, INC., CARLSON TECHNICAL, INC., and WILLIAM CARLSON, individually, for indemnity.

9. The CITY OF FERNLEY and COUNTY OF LYON, STEVE CAMPOY and GREATER NEVADA BUILDERS have sued CRISP for indemnity. STEVE CAMPOY and GREATER NEVADA BUILDERS have named various third-party defendants on the theories of negligence, contribution and indemnity.

10. It is alleged that CDI was the developer and general contractor of Rolling Meadows, involved in the Jenny's Lane crossing and the "Knuckle" at Wrangler Road and Wagon Wheel and that BERLE is the alter ego of CDI. It is also alleged that misrepresentations were made when the Rolling Meadows properties were sold.

11. CDI claims it never had any active role as the developer or general contractor of Rolling Meadows or the other improvements and instead was simply the lender. It is agreed that CDI financed the project improvements, including homes, but sold no homes. However, Plaintiffs allege, despite CDI's position, that CDI did more. There is a dispute as to whether CDI has any liability for Plaintiffs' damages.

12. BERLE was the sole shareholder, director and officer of CDI. Nonetheless, BERLE asserts there is no proof to support the necessary elements for a claim of alter ego. There is a dispute as to whether the corporate veil of CDI should be pierced to impose liability on BERLE.

13. An amicable global settlement of this matter has been reached among the Plaintiffs and most parties to this case.

14. The Settlement Agreement essentially provides that CRISP shall collectively pay the sum of $558,000.00 in exchange for a complete release from the instant action and all pending actions as listed in the Motion.

15. Neither CDI nor BERLE had insurance that would provide coverage for any of the pending actions.

16. CDI has ceased all business and thus has no regular source of income from

1 which to make any future payments. Without a source of income, CDI's defense of these pending 2 actions dissipates the limited pool of funds available for settlement of these lawsuits.

17. The amount paid by CRISP will be allocated to the *Rondy* class pursuant to calculations to which CRISP was not in privy, but the sums paid is in consideration for the global settlement of all claims.

18. CRISP's actions are as a lender and as such are more passive than most other Defendants, thus undermining any claims for indemnity.

19. There is no evidence or allegation that this settlement is fraudulently, collusively or tortiously aimed at injuring non-settling Defendants.

20. The Court grants approval of the Global Settlement Agreement

21. The Court finds that the settlement agreement is made in good faith; and

22. The matter is dismissed with prejudice as to all claims against CRISP DEVELOPMENT, INC. and BERLE G. CRISP.

IT IS SO ORDERED.

DATED: August 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

JOAN C. WRIGHT, ESQ.
CHRIS MacKENZIE, ESQ.
ALLISON, MacKENZIE, PAVLAKIS,
WRIGHT & FAGAN, LTD.
402 North Division Street
P.O. Box 646
Carson City, NV 89702