Anthony T. Case, Esq.
Nevada Bar No. 6589
Aileen E. Cohen, Esq.
Nevada Bar No. 5263
**FARMER CASE & FEDOR**
9065 S. Pecos Road, Suite 200
Henderson, NV 89074
(702) 579-3900 / (702) 739-3001 (Fax)
tcase@farmercase.com
acohen@farmercase.com

John M. Fedor, Esq. (*Pro Hac Vice*)
**FARMER CASE & FEDOR**
402 W. Broadway, Suite 1100
San Diego, California  92101
(619) 338-0300 / (619) 338-0180 (Fax)
jfedor@farmercase.com

Attorneys for Defendant
KEYSTONE REALTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JUDY KROSHUS, et al., | ) | CASE NO.: 3:08-cv-00246-LDG-RAM |
| Plaintiff, | ) ) | CASE NO.: 3:09-cv-00713-RCJ-RAM |
| v. | ) ) | |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, et al., | ) ) ) | **ORDER GRANTING DEFENDANT KEYSTONE REALTY'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| Defendants. | ) ) ) ) | |

Defendant, KEYSTONE REALTY, by and through its attorneys, FARMER CASE HACK & FEDOR, having received no opposition to its (Document No. 640) Motion for Determination of Good Faith Settlement and having made no appearance as a result, and the Court having considered the papers and pleadings on file herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

C:\Users\Remote\AppData\Local\Temp\Motion for Good Faith.Order Granting.doc

1.       The Court has considered the factors discussed in *The Doctors Co. v. Vincent*, 120 Nev. 644, at 652, 98 P.3d 681, at 687 (2004).

2.       The Court has considered the factors discussed in *MGM Grand Hotel Fire*, 570 F.Supp. 913 (D.Nev. 1983).

3.       The Court has considered the settlement amount of $60,000.00 between Plaintiffs and Defendant KEYSTONE REALTY, which is to be paid from insurance funds.  The Court finds that the settlement amount is reasonable and sufficient.

4.       The Court has considered the damages claimed by Plaintiffs, and it has considered the risks of proceeding on both sides.  The Court finds that there is a strong potential that Defendant KEYSTONE REALTY would be able to prevail against the Plaintiffs' claims pursuant to NRS Chapter 645.

5.       The Court has considered whether there was collusion or fraud relating to the settlement.  The Court has considered whether there was collusion or fraud relating to the settlement.  The Court finds that there was no collusion or fraud relating to the settlement between Plaintiffs and Defendant KEYSTONE REALTY.  The settlement amount was determines through an arms length negotiation.

6.       The Court has considered the financial condition of the settling defendants and the insurance coverage of the settling defendant.  Defendant KEYSTONE REALTY is insured and the insurance is sufficient to cover the settlement.  The Court finds that the settlement amount reasonable and sufficient in light of Defendant KEYSTONE REALTY's insurance coverage.

7.       The Court has considered the strength and weaknesses of potential indemnity and contribution claims.   The Court hold that Defendant KEYSTONE REALTY would be able to show that they did not have active fault.  The Court finds that potential claims for contribution and equitable indemnity do not weigh in favor of denying good faith.

8.       The settlement agreement between Plaintiffs and Defendant KEYSTONE REALTY satisfies the factors set forth in *The Doctors Co. v. Vincent*, 120 Nev. 644, at 652, 98 P.3d 681, at 687 (2004) and *MGM Grand Hotel Fire*, 570 F.Supp. 913 (D.Nev. 1983).

9. The settlement agreement between Plaintiffs and Defendant KEYSTONE REALTY was entered into in good faith.

///

10. No opposition, written or oral, was received to Defendant KEYSTONE REALTY's Motion for Determination of Good Faith Settlement.

11. Defendant KEYSTONE REALTY's Motion for Determination of Good Faith Settlement is hereby granted in its entirety.

12. All claims, whether known or unknown, against Defendant KEYSTONE REALTY for contribution and/or equitable indemnity are hereby extinguished pursuant to NRS 17.245.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. Defendant KEYSTONE REALTY's Motion for Determination of Good Faith Settlement is hereby GRANTED, each part to bear its own attorney fees and costs;

2. All claim, whether known or unknown, against Defendant KEYSTONE REALTY for contribution and/or equitable indemnity are hereby extinguished.

Dated this 17 day of Aug, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

C:\Users\Remote\AppData\Local\Temp\Motion for Good Faith.Order Granting.doc

| | |
|---|---|
| 1 | Respectfully submitted by: |
| 2 | |
| 3 | **FARMER CASE HACK & FEDOR**<br>By: |
| 4 | |
| 5 | |
| 6 | Date: _____<br>Anthony T. Case, Esq.<br>Nevada Bar No. 6589 |
| 7 | Aileen E. Cohen, Esq.<br>Nevada Bar No. 5263 |
| 8 | John M. Fedor, Esq.<br>*Pro Hac Vice* Admission |
| 9 | 9065 S. Pecos Road, Suite 200<br>Henderson, NV 89074 |
| 10 | Counsel for Defendant<br>KEYSTONE REALTY |

C:\Users\Remote\AppData\Local\Temp\Motion for Good Faith.Order Granting.doc

ORDER GRANTING DEFENDANT KEYSTONE REALTY'S
MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT